ANDERSON v. PARK.

1. **Justice of the Peace:** APPEAL. Under section 4697, Code, when the justice informs the defendant of his right to appeal, and the defendant gives the requisite notice, the appeal is taken.

2. ———: ILLEGAL COMMITMENT: PETITION: SUFFICIENCY OF. Where the petition in an action upon a justice's bond for illegal commitment after the conviction, fails to show that the necessary steps to stay the judgment were taken, or that the justice did anything more than the law required or empowered him to do, it is not sufficient.

*Appeal from Greene District Court.*

MONDAY, OCTOBER 24.

THE defendant Park, was at the time of the acts complained of justice of the peace for Junction township, Greene county. His codefendants were sureties upon his official bond. In August, 1880, the plaintiff was convicted of an assault and battery before the defendant Park, as justice of the peace, and was sentenced to ten days imprisonment in the county jail, and was committed to jail. The plaintiff brings this action for damages alleged to have been sustained by him by reason of the commitment. The essential allegations of the petition are in these words: "The said defendant Park, having as such justice notified the defendant, the present plaintiff, J. G. Anderson, of his privilage of an appeal, and said Anderson having immediately then and there given oral notice of an appeal, and immediately then and there offered security and bond for appeal from

the judgment of said Park as aforesaid, the said justice Park did then and there refuse the appeal of this defendant, alleging and holding as such justice that defendant had no right to appeal. And then and there by virtue of his office as such justice of the peace willfully, maliciously, corruptly and oppressively committed this plaintiff to the common jail of Greene county, without any probable cause, where plaintiff remained for the space of three days. To the petition the defendant demurred and the demurrer was sustained. The plaintiff standing upon his petition, judgment was rendered for the defendant. The plaintiff appeals.

*Holmes & Reynolds*, for appellant.

*L. K. Alder*, for appellees.

ADAMS, CH. J. Section 4697 of the Code provides that "the justice rendering judgment against the defendant must inform

1. JUSTICE OF THE PEACE; appeal. him of his right to appeal therefrom, and make an entry on the docket of the giving of such information, and the defendant may thereupon take an appeal by giving notice orally to the justice that he appeals."

The defendant having informed the plaintiff of his right to appeal, and the plaintiff having given the requisite notice, the appeal was taken. There was nothing which the justice could do or say about it which could deprive him of his appeal.

But the taking of the appeal does not of itself operate to stay judgment. And in the case at bar it was the execution of

2. ——: illegal commitment: petition: sufficiency of. the judgment which constitutes the real ground of the plaintiff's complaint. If the defendant became liable it is because while acting in a ministerial capacity he did, or refused to do, something which resulted in the execution of the judgment.

The judgment was of course to be executed unless stayed. Now it appears to us that the petition does not show that the plaintiff ever took the steps necessary to stay the judgment.

To stay the judgment it was necessary for the plaintiff to put in bail in the amount fixed for that purpose, and in a form according substantially with a form prescribed. Code, section 4698. The most that the petition shows is that the plaintiff "offered security and bond for appeal." It is possible that the plaintiff intended by the language used to aver that he tendered a bond, but it does not necessarily mean more than that he offered to give security by a bond. But if it were conceded that the petition shows that a bond was tendered, it does not show that it was not disapproved. Such might have been the fact and the allegations of the petition be true. It was certainly the duty of the defendant to pass upon the bond, and it does not follow from the fact that he thought that the plaintiff was not entitled to appeal and so declared that he did not pass upon the bond. He thought at one time that the plaintiff was entitled to appeal and so informed him. If he refused to pass upon the bond the petition should, we think, have so expressly declared. Whether in case he had so refused he would have been liable to the plaintiff in damages, and if so whether he would have been liable in more than nominal damages in the absence of any showing that the plaintiff made unsuccessful application to the other officers to whom he might as well have applied for the approval of his bond as to the defendant, we need not determine.

The plaintiff in his argument lays great stress upon the fact that the petition shows that the defendant acted maliciously in committing him. But if the plaintiff had not taken proper steps to stay the judgment, that is, if he had tendered no bond, or none except what the defendant disapproved as insufficient, it was right that he should be committed. And if the defendant acted legally in committing the plaintiff, a court will not inquire whether he committed him under the supposition that he was acting illegally. Where a judicial or other officer does no more than what the law requires him to do, it is immate-

rial so far as his legal liability is concerned in what state of mind he does it.

It appears to us that the petition does not show that the defendant did anything more than as justice of the peace he was empowered to do, except in refusing to allow an appeal after the appeal had been taken. By this refusal the plaintiff was not affected. He had his appeal. If the plaintiff took the proper steps to stay jugdment and failed solely through the defendant's fault such fact is not shown. If judgment was stayed and plaintiff was committed in defiance of the stay such fact is not shown. The averment that the commitment was without probable cause must be taken to be a mere conclusion from the fact that the plaintiff gave notice of appeal and offered bond and security.

We think that the plaintiff's petition is insufficient and that the court did not err in so holding.

AFFIRMED.