ROBERT PACKARD, Appellant, v. F. F. VOLTZ, J. W. RAY, AND BUTLER COUNTY.

94   277
114   346
94   277
129   84
94   277
131   246
131   247
94   277
140   559

**Counties: NEGLIGENCE: PRINCIPAL AND AGENT.** A county is not
1 liable for negligence in constructing a drain across a highway. As
2 it must act through agents, the agents cannot be liable where the
3 principal is not, though the agent felt malice in doing such work.
  *Wilson v. County,* 13 Iowa, 181, *overruled.*

*Appeal from Butler District Court.*—Hon. P. W. BURR, Judge.

FRIDAY, APRIL 5, 1895.

It is in substance, shown by the petition that the plaintiff owns land in sections 35 and 36 in one of the townships of the defendant county; that on the line between said sections is a public highway; that the natural drainage of the land in section 35 is across the line of said highway, the line of which drainage is now, and for a long time past has been, defined by a natural depression, and by ditches excavated by plaintiff; that prior to the year 1892 there was maintained upon said highway a culvert or bridge about twelve feet long and about four feet high, by means of which the said land in section 36 was drained, but which said bridge or culvert was not sufficient to carry off the water readily without causing an overflow of the lands of plaintiff; and that said highway has been improved by the erection of an embankment across said bottom land, which acts as a dam, confining the escape of the water from the land of the plaintiff on the west side of said road and embankment to the bridge and a smaller culvert at a different point. It is also shown that the defendant Ray is a member of the board of supervisors of the defendant

county, and that the said board authorized and directed the defendants Ray and Voltz to take out the bridge from the embankment, and substitute for it tiling, of a capacity less than the bridge, to carry off the water, and that the tiling was so substituted for the bridge; that in directing and executing the work Ray and Voltz "acted with wanton disregard to the rights of the plaintiff, and with a malicious intent thereby to injure his property, and cause him pecuniary loss and damage;' that said drainage was not planned or executed with reasonable skill, and the water way was entirely inadequate to "carry off the water with the same facility and in the same quantity." It further appears that the same change has created a nuisance to plaintiff, and that so long as it remains his lands will be subject to overflow and damage. He asks judgment in the sum of five hundred dollars, and that the nuisance be abated. Each of the defendants presented a demurrer to the petition, which the court sustained, and the plaintiff appealed.—*Affirmed.*

*Hemenway & Grundy* for appellant.

*Courtright & Arbuckle* for appellees.

Granger, J.—I. The grounds of the demurrer are several, and it will be unnecessary to specify them, as we shall dispose of the points on the line indicated in argument. We will first notice the question as to the liability of the county. By section 1, chapter 200, Acts Twentieth General Assembly it is provided: "The board of supervisors of each county may, at the time of levying taxes for other purposes, levy a tax of not more than one mill on the dollar of the assessed value of the taxable property in their county, which tax shall be collected at the same time and in the same manner as

other taxes are collected and shall be known as the county road fund, and shall be paid out only on the order of the board of supervisors for work done on the highways of the county in such places as the board shall determine." The work done on the highway was in pursuance of this provision, and we are to determine whether or not, in the doing of such work, the county is liable for the negligence of its agents or employes. We think the holdings of this court, upon analogous facts, are decisive of the question. But for the rule announced in *Wilson v. Jefferson Co.*, 13 Iowa, 181, and the cases adhering to it, the one now contended for would have no authoritative support in this state. The rule of that case has been doubted, and the doubt, on common-law authority, has recognition in the holding of this court. In *Kincaid v. Hardin Co.*, 53 Iowa, 430, speaking of that case, and of its standing "almost, if not quite, alone," support is given to the holding because of its existence for so long a time as to "have the implied sanction of the lawmaking power and the people of the state;" and it is there said that "we have no disposition to carry the doctrine further than to sustain the decisions of the court." The case of *Green v. Harrison Co.*, 61 Iowa, 311, was to recover damages because of the negligent construction of a ditch by the county, resulting in damage to plaintiff. The case distinguishes the *Kincaid Case* from the line of bridge cases, and follows it. The *Green Case* is quite significant as authority in this case because of its application being peculiarly local, which is a reason urged in this case to distinguish it from the rule of the *Kincaid Case*, where the duty performed was the construction of a courthouse, and importance was attached to the mandatory character of the duty on the part of the board of supervisors. The *Green Case* and this are essentially similar as regards the discretionary power

of the board and the local importance of the work performed. The following cases further support the conclusion: *Soper v. Henry Co.*, 26 Iowa, 264; *Nutt v. Mills Co.*, 61 Iowa, 754. Under these authorities the petition does not state a cause of action against the county.

II. It is not important to determine the liability of the defendants other than the county. The legal right of the board of supervisors to make the improvement is not doubted, in the absence of negligence. We hold that the county is not liable for the negligence of its agents or employes in the discharge of such a duty. It is necessary here to inquire as to the discretion exercised by these defendants, and a reference to the petition shows that in all particulars they acted by the authority of the board of supervisors, and that what was done was what the board directed. This authority seems to have been extended as well to the manner of doing the act as to the act itself. The doctrine upon which the county is held not liable is that it is a "territorial and political division of the state, created for governmental purposes, and gave no assent to its creation." It is an involuntary corporation. This means that such a corporation is forced into existence for the discharge of such governmental duties as are imposed by the law, and that all such duties, because of its corporate character, must be discharged through agents or employes. It must certainly be an anomalous doctrine that would exempt the corporation itself from liability for the doing of a lawful act in a negligent manner, upon the ground of its compulsory agency in behalf of the public welfare, and at the same time affix a liability upon its agent for precisely the same acts done under express authority. We think an instance of such liability is not to be found. It must be a reason for the rule of exemption, on the

part of a political corporation, that its agency is a public necessity, and it seems to us that the same law that would give it exemption from liability for negligence would protect from liability the servant through whom, only, the corporation can discharge its duty to the public. We have not been cited to, nor have we been able to find, a case precisely in point. Mr. Wood, in his law of Master and Servant (2d Ed.; p. 665), while speaking of the liability of servants, makes an exception, and says, "As to all acts which, if done by the master himself, the master could have justified, no liability exists against the servant." The rule has such strong support in reason that it does not seem to have become a subject of extended judicial comment. It seems to us that the rule, thus stated, is directly applicable to this case. Legally, the county justifies, in that it has done no act for which it is liable, and hence its agent, through whom it did the act, is for the same reason justified. The same public policy that would give justification to the corporation would extend it to the legitimate means for doing the act. Extended citations might be made as to the liability of servants where both the servant and the employe are negligent, and where such liability is joint, but they do not to any great extent control this case. The case is peculiar because of the exceptional rule which operates to excuse the county from the general rule as to negligence.

3     Importance is attached to the fact that the petition shows that the acts were done maliciously. The averments of malice are as to the defendants Ray and Voltz, and they only show the personal feelings under which they acted. From the petition it is clearly manifest that without the malice the results would have been the same, for it does not appear that the board of supervisors, in its purpose to make the change in the highway, acted otherwise than in good faith, and,

independent of the malicious intent, the situation would have been the same. It is possible that the case might be different, as to the two defendants, if it appeared that they engaged in the work with a malicious intent to injure the plaintiff, but it does not. The averment is that "in directing and executing the work" they so acted. If these two defendants were legally justified or excused from liability because their employer is so justified or excused, we do not see how any particular state of their minds in doing the act could affect their liability. While at times malice might be an element tending to fix liability, its general effect is, in civil cases, to enhance, and not give rise to, actual damage. In *Anderson v. Park*, 57 Iowa, 69, where it is held that the petition did not state a cause of action against the officer, the fact that malice was pleaded was urged; and it is there said: "Where a judicial or other officer does no more than what the law requires him to do, it is immaterial, so far as his legal liability is concerned, in what state of mind he does it." We cite the language as bearing on the question of malice, alone, giving rise to damage where there are no other facts to justify it. The ruling of the district court seems to us to be right, and the judgment is *affirmed.*