BERTHA SNETHEN, ADMX., Appellant, v. HARRISON COUNTY
et al., Appellees.

COUNTIES:   Highways—Negligent   Construction—Liability.   If
1  counties are to be made liable for negligence in the construction
   and maintenance of public highways, as distinguished from
   bridges and the approaches thereto, it must be by legislative
   enactment. Chapter 122, Acts 35th G. A. (Secs. 1527-s—1527-s21,
   Sup. Code, 1913) declares no such liability. For more than half a
   century, this court has persistently and consistently refused to
   declare a county liable for negligence in the performance of its

governmental functions, with the single exception of negligence in the construction and maintenance of bridges and approaches thereto.

PRINCIPLE APPLIED: A highway, running east and west and intersected by a deep ravine with precipitous banks, was duly established, and the county, through its board of supervisors, proceeded to prepare said road for travel up to the banks of said ravine, and on each side thereof. Arrangements for the construction of a bridge across the ravine were under way. At a point south of the contemplated permanent bridge, the county constructed a temporary bridge, and at a point on the road in question 20 feet west of the banks of the ravine, it turned the travel due south to said temporary bridge, and thence north along the east side of the ravine to the public road. At the time of the injury in question, no part of the permanent bridge had been erected; no barriers of any kind had been erected. The negligence of the authorities was conceded. A traveler, in the nighttime, driving eastward on the highway and not seeing the turn to the south by reason of a cornfield to his right, drove straight ahead and was precipitated to the bottom of the ravine and killed. *Held*, the county was not liable.

**COUNTIES: Boards of Supervisors—Personal Liability for Negli-**
2 **gence.** Inasmuch as a county, being an involuntary territorial and political division of the state for governmental purposes, is not liable in damages for performing its governmental acts in a negligent manner, it necessarily follows that the officers and employees of the county who perform such acts in a negligent manner are not liable.

PRINCIPLE APPLIED: (See No. 1.)

*Appeal from Harrison District Court.*—HON. THOMAS ARTHUR, Judge.

THURSDAY, APRIL 8, 1915.

REHEARING DENIED TUESDAY, OCTOBER 5, 1915.

ACTION at law to recover damages for the death of one Dell Hardy, due to the defective condition of a county highway in the defendant county. The defendants are the county and the individual members of its board of supervisors. The defendants demurred to the petition and, their demurrers

having been sustained, plaintiff elected to stand upon her petition, and judgment was rendered against her for costs. She appeals.—*Affirmed.*

*McKenzie & Cox* and *Tinley, Mitchell & Pryor*, for appellant.

*Ross McLaughlin* and *Roadifer & Roadifer*, for appellees.

DEEMER, C. J.—I. Plaintiff claims that a defect existed in one of the highways of defendant county, over which its board of supervisors had assumed jurisdiction under the new road law, as a part of the county road system; that this defect consisted in the washing out of a fill in a ravine, which was crossed by the highway, which washout the defendant county was attempting to obviate by the establishment of a new highway. This new highway was acquired by consent, and as it crossed the ravine hitherto mentioned, it was necessary to construct a bridge over it. The county entered upon the new highway and proceeded to grade the same by day labor and to construct a temporary bridge over the ravine.

Plaintiff alleged that the defendants, and each of them, carelessly and negligently improved and constructed that portion of the said county road so that there was nothing on the surface of the ground between the said sharp curve and the banks of the said ditch to indicate to the traveler that he had left the road and was on the ground between the road and said ditch; that defendants negligently constructed the said road up to within twenty feet of the bank of said ditch and then caused the same to turn sharply to the south and run along the bank of said ditch to the said temporary bridge, and, after crossing the said bridge, to run along the opposite bank of said ditch in a northerly direction, when a sharp curve was again made directly opposite the point where the aforementioned sharp curve was made; that the said defendants, and each of them, negligently and carelessly opened the said road for travel before the completion of a permanent

bridge across the said ditch; that the said defendants, and each of them, negligently constructed the said bridge off of and to the south of the said road "at a point about ———— feet to the south thereof"; that the said defendants, and each of them, negligently failed and refused to construct any obstruction at said curve to prevent travelers running off said road and into said ditch; that they negligently failed and refused to construct any guard or signal to indicate to travelers along said road the position of the said ditch, the location of the said temporary bridge, or the dangerous condition of the said road; that the said defendants, and each of them, negligently failed to erect any guards along the banks of said ditch and between the road and the said ditch.

Plaintiff further alleges that, long prior to the 16th day of August, 1913, the above named individual defendants, and each of them, were orally warned, as aforesaid, that, unless some obstruction, guard or signal was erected in said road at said point, there was a likelihood that travelers along the said road would be precipitated into said ditch and either injured or killed; but that, notwithstanding the said warning, the said defendants, and each of them, negligently failed and refused to provide any obstruction, guard, or signal whatsoever for the protection of travelers along said road, as aforesaid, and negligently failed and refused to provide any obstruction or warning of any character to indicate the location of said ditch or of said temporary bridge; that no written notice of the dangerous condition of the said road, as aforesaid, was given to any of the above named defendants. It is further alleged that plaintiff's intestate, who was in an automobile driven by one Clifford Townsend, was injured and afterward died as a result of the driver's running his machine into the said open ditch, without any fault or negligence on his part.

The demurrer challenges the liability of the county under this state of facts and it is frankly conceded that, unless our

new road law imposes liability upon the county either expressly or by fair implication, there can be no recovery. Counties, unlike cities and incorporated towns, are not, as a rule, held liable for torts committed by them, so long as they are acting within the scope of their governmental powers. They are quasi-municipal corporations engaged in the performance of governmental functions, and are not responsible for the neglect of duties enjoined upon them, in the absence of statute giving a right of action. *Kincaid v. Hardin County*, 53 Iowa 430; *Wilson v. Jefferson County*, 13 Iowa 181; *Wilson v. Wapello County*, 129 Iowa 77, 84; *Green v. Harrison County*, 61 Iowa 311; *Packard v. Voltz*, 94 Iowa 279; *Wenck v. Carroll County*, 140 Iowa 558; *Wood v. Boone County*, 153 Iowa 92; *Soper v. Henry County*, 26 Iowa 264. In the last cited case, Judge Dillon, speaking for the court, said:

1. COUNTIES: highways: negligent construction: liability.

"Counties are involuntary political or civil divisions of the state, created by general statutes, to aid in the administration of government. They are essentially public in their character and purposes. They are simply governmental auxiliaries, created bodies corporate 'for civil and political purposes only.' Rev. 221. To the statute they owe their creation, and the statute confers upon them all the powers which they possess, prescribes all the duties which they owe, and imposes all the liabilities to which they are subject. To enable them the better to exercise their powers and discharge their duties, our statute clothes them with corporate capacity. Considered with respect to their powers, duties and liabilities, they stand low down in the scale or grade of corporate existences. It is for this reason that they are ranked among what have been styled quasi corporations. This designation is employed to distinguish them from private corporations aggregate, and from municipal corporations proper, such as cities, acting under general or special charters, more amply endowed with corporate life and functions, conferred in general at

the request of the inhabitants of the municipality for their peculiar and special advantage and convenience. The decisions of the courts in every state of the Union, recognizing this distinction, hold incorporated cities and towns to a much more extended liability than they do counties, school and road districts, even where the latter are declared to be invested with corporate capacity. Thus, incorporated cities and towns, wherever they are invested by their organic or constituent acts with general supervision and control over their streets, with power to grade and to improve them, and with the power to levy taxes or raise revenue, which may be used for the purposes of such repair, are held liable, without any statute expressly giving the action, for injuries caused by unsafe and defective streets. . . . (Citing authority.) On the other hand, the decisions are almost (though not wholly) uniform to the effect that counties and other quasi corporations are not liable to private actions for the neglect of their officers in respect to highways, unless the statute has in so many words created the liability, specially giving the action to the party injured. (Citing authority.) . . . The opinion of the court is that the court below rightly held that the county was not liable to the plaintiff in respect to the injury for which his action was brought. *If the county ought to be held liable in such a case, the remedy must be sought from the legislature.*"

It is needless to quote from the other cases, although it may be said that *Packard v. Voltz, supra,* is so nearly like this one in its facts that the principle announced must govern here.

The new road law (chapter 122 of the Acts of the 35th G. A.) authorizes and requires counties to establish county roads, and requires them to construct these roads and to erect the necessary bridges and culverts according to approved plans.

The defendant county was in the exercise of its powers upon the road in question, and it must be assumed that its

board or employees, or both, were extremely negligent in leaving the dangerous place in the road. But they had not constructed a bridge at the point of the accident, so plaintiff's intestate was not injured by reason of a defective bridge. True, the board was bound to construct a bridge at the place where the accident occurred and was given a fund with which to do it and to keep the structure in repair. It was also authorized to construct the road and doubtless to keep it in repair. But there is nothing in the statute anywhere which indicates any intention on the part of the legislature to impose any liability upon the county for negligence on its part in the doing of its work.

Appellant contends, however, that the county should be held liable on the same theory that it is responsible for the construction, maintenance, and repair of county bridges; and it must be confessed that the analogy is quite close. But this court, in adopting the rule of liability for defective bridges, did not follow the general rule then existing in other jurisdictions, and has, since its adoption, persistently and consistently refused to enlarge the same. See cases hitherto cited. It has refused to apply it to county jails and courthouses, to ditches and drains constructed by legislative authority, and to the care of paupers and insane; and it may well be affirmed that county bridges constitute the only exception in this state to the rule of non-liability.

II. It is insisted, however, that the individual members of the board of supervisors who were actively engaged in the work are liable personally. As they were engaged in a public work in virtue of their office, the rule of non-liability applies to them, as well as to the body for which they were acting. *Packard v. Voltz,* 94 Iowa 279; *Wood v. Boone County,* 153 Iowa 92. Upon this proposition, there is a lack of uniformity in the decisions of the various courts of this country; but after a careful examination of the underlying principles which should govern, this court has held that the agents who

2. COUNTIES: boards of supervisors: personal liability for negligence.

perform the governmental functions are no more responsible than the artificial body—the corporation for which they acted. We see no reason for departing from any of these established rules.

The trial court was right in sustaining the demurrers and its judgment is—*Affirmed.*

EVANS, PRESTON, and SALINGER, JJ., concur.