ELINOR F. GIBSON, Appellant, v. SIOUX COUNTY et al., Appellees.

COUNTIES: Highways—Negligently Obstructing—Liability. The non-liability of a county for damages resulting from the act of its board of supervisors in negligently obstructing a highway, as distinguished from a bridge, extends to the supervisors who order the obstruction, and to a mere employee, who does only that which the supervisors direct him to do.

*Appeal from Osceola District Court.*—WILLIAM HUTCHINSON, Judge.

JUNE 24, 1918.

ACTION for personal injuries sustained upon a highway, by reason of obstructions negligently placed and permitted and left unguarded by the defendants, as alleged. There was a demurrer to the petition, which was sustained. Judgment being entered thereon, the plaintiff has appealed.—*Affirmed*.

*G. A. Gibson* and *T. M. Zink,* for appellant.

*O. H. Montzheimer, W. H. Downing, Anthony Te Paske, Van Oosterhout & Kolyn* and *T. E. Diamond,* for appellees.

EVANS, J.—I. The highway upon which the accident occurred was located upon the county line between Sioux County and O'Brien County. These two counties are defendants. Joined with them are the members of the respective boards of supervisors and their employee, Gardner. The obstructions complained of consisted of sand and gravel, which had been hauled upon the highway for the purpose of building a cement bridge or culvert.

The question presented is that of the liability of a county for damages by reason of such alleged negligence. The argument is that the highway was a county highway, and in charge of the county supervisors of the respective counties, and that the counties were, therefore, liable for damages for negligence. The question is not an open one in this state. But appellant challenges the correctness of the prior holdings of the court on the question. The argument is essentially the same as that presented to us in *Snethen v. Harrison County,* 172 Iowa 81, 85. The question was quite fully gone into in that case, and our previous cases were reviewed therein. No useful purpose can be subserved by repeating the discussion. Sufficient to say that we adhere to the former precedents. *Soper v. Henry County,* 26 Iowa 264; *Kincaid v. Hardin County,* 53 Iowa 430; *Green v. Harrison County,* 61 Iowa 311; *Nutt v. Mills County,* 61 Iowa 754; *Lindley v. Polk County,* 84 Iowa 308; *Dashner v. Mills Coun-*

ty, 88 Iowa 401; *Packard v. Voltz,* 94 Iowa 277; *Miller v. Boone County,* 95 Iowa 5; *Wenck v. Carroll County,* 140 Iowa 558.

If the rule of law which has been established by the precedents above cited and which has been followed for so many years ought to be changed, the appeal should be to the law-making body. The rule of non-liability of counties in actions of this nature has abundant authority in other jurisdictions even though it be true that the authorities are not unanimous in that regard.

II. It is argued by appellant that, even though the counties be not liable, yet the members of the respective boards of supervisors and their employee, Gardner, are liable, in that their duties were ministerial, and were negligently performed. We have held to the contrary. In *Snethen v. Harrison County,* supra, we said:

"Agents who perform the governmental functions are no more responsible than an artificial body,—the corporation for which they acted. We see no reason for departing from any of these established rules. The trial court was right in sustaining the demurrer, and this judgment is—*Affirmed.*"

In *Wood v. Boone County,* 153 Iowa 92, we said:

" 'It must certainly be an anomalous doctrine that would exempt a corporation itself from liability for the doing of a lawful act in a negligent manner upon the ground of its compulsory agency in behalf of the public welfare, and at the same time affix liability upon the agent for precisely the same act done under express authority. We think an instance of such liability is not to be found.' "

To the same effect is *Schneider v. Cahill,* (Ky.) 127 S. W. 143.

Whether the employee, Gardner, could be found liable, notwithstanding that the county officials were not, is a question not argued. The petition avers that Gardner, as employee, deposited the sand and gravel upon the highway. It

also avers, in substance, that the supervisors directed it to be so done. The employee was presumably subject to the orders of his employer, and, if he deposited the sand and gravel where directed by the supervisors, he did not thereby become guilty of negligence. The real negligence, if any, charged in the petition, was not the obstructing of the highway. The supervisors had a right to do that, for proper purposes. The wrong, if any, was in the failure to erect proper barriers, or to give proper warning to the traveling public.

Whether Gardner could be held to liability upon an averment that he was under direction and duty to give warning and to erect barriers, we are not called upon to determine, upon this record. The order below will be— *Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.