INCORPORATED TOWN OF NORWALK, Appellant, v. WARREN COUNTY, Appellee.

No. 39863.

OCTOBER 21, 1930.

*Frank A. Dapolonia* and *Oscar Strauss,* for appellant.

*W. M. Wilson* and *J. O. Watson, Jr.,* for appellee.

GRIMM, J.—The plaintiff is an incorporated town, and the defendant is one of the counties in Iowa, in which county the plaintiff city is located. It appears that the town of Norwalk deemed it necessary to construct a 36-inch culvert upon one of its streets, and it began instituting proper statutory requirements preparatory to such construction. About this time, the defendant, Warren County, entered into a contract to have this certain culvert installed. One of the excavations made in connection with the installation of the culvert was left without a proper barrier, and about 10 o'clock on the evening of July 16, 1927, five people were injured when the vehicle in which they were riding was driven into the unguarded excavation. Five separate suits were brought in the district court of Warren County, Iowa, against the town of Norwalk and Warren County by the injured parties. Both the town and the county appeared, and the defendant, Warren County, answered, denying liability. Thereafter, and while the defendant county's said answer remained on file, the plaintiff effected a settlement with each of the parties to the damage actions, and paid a total of $500 in settlement thereof. It is alleged that they also paid $250 as costs and expenses.

This suit is brought on behalf of the town of Norwalk against Warren County for the purpose of recovering the said $500 voluntarily paid by it to the plaintiffs in the damage suits and the $250 incurred by the town as costs and expenses. A demurrer, on four grounds, was filed to the petition. The demurrer is as follows:

"The defendant demurs to the petition herein, and as grounds therefor states: That the facts stated in the petition does not entitle the plaintiff to the relief demanded, for the following reasons: First. That plaintiff seeks to hold defendant, a political organization, liable for negligence of its officials, contrary to law. Second. That petition shows on its face that plaintiff is an incorporated town, and liable under the law to keep its streets in a safe, passable condition. Third. That petition shows on its face that the settlement made by the incorporated town of Norwalk with the different parties injured was a voluntary settlement on the part of the town of Norwalk, and for that reason defendant cannot be held liable for reim-

bursement for same. Fourth. That plaintiff seeks to hold defendant liable by implication in a matter it could not be directly liable so shown on its face."

I. The pertinent parts of Section 4636 of the 1927 Code are as follows:

"*County road system.* The county road system:

"1. Shall not embrace any part of a primary road. * * *

"4. May embrace a street or highway which is within the limits of a town when such highway is a direct continuation of the county road system outside said town, provided the board of supervisors and the council can agree in writing as to the manner in which said street or highway is being improved, and provided such contract is approved by the state highway commission.

"Such writing shall contain a provision that the town shall use the funds returned to them under Paragraph 1 of Section 4635 in constructing and maintaining said county road.

"Nothing in this paragraph shall take from such town the general municipal control and police regulation which it now has over such street or the right to further improve such street by paving the same."

While it does not definitely appear in the petition that the county and the town entered into an agreement, as provided by the first part of Subsection 4 of Section 4636, quoted above,  nevertheless we must assume, for the purposes of this case, that both the town and the board of supervisors of the county did their duty, and acted within the law, and that some sort of an agreement was entered into in reference to the construction of a culvert by the county, in accordance with the provisions of said Section 4636. It may not have been more than a consent given to the county to install the culvert in the street.

It will be noted that, under the law, neither the contract nor the acts of the board of supervisors in building the culvert deprived the town of its police control and police regulation. In other words, the town, notwithstanding the contract and the conduct of the board of supervisors, through its contractors, was still in complete control of its streets. It was not relieved

of any of its primary duty in relation to the safety of the streets for public traffic. It was under no obligations to permit the county to build the culvert. In fact, its street only became a part of the county road system "provided the board of supervisors and the council can agree in writing as to the manner in which said street or highway is being improved."

Proper precaution on the part of the town dictated that it so formulate its contract with the board of supervisors that the town may still maintain complete control and supervision over its streets. Moreover, independent entirely of any contract with the county, the city had its primary duty in relation to the safety of the streets for public traffic.

The appellant contends that, inasmuch as the excavation in which the parties fell was dug by the county, the town, notwithstanding its duty to avoid negligence as regards the safety of the streets, can recover from the county. It is contended that the immunity of the county, if any, from damages applies only to cases in which it is the duty of the county to do the work out of which the damage arose. Plaintiff apparently proceeds upon the theory that the county was an interloper in its work in installing this culvert, and that, therefore, inasmuch as it was no part of the duty of the county to build the culvert, it must be liable for the negligent acts of the employees and agents. This position is not tenable. It was entirely within the statutory right and power of the county to build the culvert in question on the streets of the town of Norwalk upon an agreement with the authorities of the town. As previously stated, we must assume that both the town and the county performed their respective duties in this regard, and entered into some kind of an agreement in relation thereto before the county undertook the work of replacing the culvert. Such being the case, the county was rightfully engaged in the installation of the culvert.

Inasmuch as the primary duty rests upon the town in relation to the safety of the streets for public traffic, the mere fact, under the circumstances involved in this case, that the injury was a direct result of the act of the defendant county does not warrant the town in recovering from the county.

II. From the record in this case, it is apparent that the settlement made by the town was a voluntary one. The county was denying its liability. The county was not a party to the

settlement. There is no allegation that the county entered into any contract with the town whereby it assumed to pay any portion of the settlement price. The mere naked allegation was made that the settlement was "with the knowledge, consent, and acquiescence, and upon the plea of non-liability, of the said Warren County, Iowa." The mere fact that the county knew that the town was going to settle, or that it consented to the town's settling, or that it acquiesced in the town's making the settlement, would not in any way change its liability. There is no allegation that the county acquiesced in the town's making a settlement any part of which would be binding upon the county.

III. The demurrer alleges that the petition does not entitle the plaintiff to the relief demanded, for the reason that the "plaintiff seeks to hold defendant, a political organization, liable for negligence of its officials, contrary to law." This question of the liability of counties has been before this court many times. The general rule has been often stated. We quote from *Snethen v. Harrison County,* 172 Iowa 81, reaffirmed in *Post v. Davis County,* 196 Iowa 183, as follows:

"Counties, unlike cities and incorporated towns, are not, as a rule, held liable for torts committed by them, so long as they are acting within the scope of their governmental powers. They are quasi municipal corporations, engaged in the performance of governmental functions, and are not responsible for the neglect of duties enjoined upon them, in the absence of statute giving a right of action. *Kincaid v. Hardin County,* 53 Iowa 430; *Wilson v. Jefferson County,* 13 Iowa 181; *Wilson v. Wapello County,* 129 Iowa 77; *Green v. Harrison County,* 61 Iowa 311; *Packard v. Voltz,* 94 Iowa 277; *Wenck v. Carroll County,* 140 Iowa 558; *Wood v. Boone County,* 153 Iowa 92; *Soper v. Henry County,* 26 Iowa 264."

In *Post v. Davis County,* 196 Iowa 183, this court further said:

"In this era of road improvement, millions of dollars are being expended in the respective counties of the state. The enterprise is not commercial; it pays no dividends; it collects no tolls. The benefits accruing are extended freely to all comers, without money or price. Behind the county in its public service is the taxpayer, who must respond to the public expenditure.

If, in addition to this burden, it be the public policy that he must carry the hazard of the road which his tax payments have built, and that he must protect the traffic and travel thereon against the hazard of negligence, and must defend the issue on every claim predicated upon the alleged negligence of public officials, then clearly such policy should be declared, and the extent of the liability and the limitations thereon should be definitely promulgated by legislative action."

There has been no such legislative action. The principal cases in this state on this subject have been collected and discussed in *Post v. Davis County*, 196 Iowa 183, and it would serve no good purpose to deal with them here. See, also, *Van de Walle v. Tama County*, 198 Iowa 1330; *Hilgers v. Woodbury County*, 200 Iowa 1318.

Upon the facts and circumstances in this case, the plaintiff cannot recover from the defendant, and it follows that the cause must be, and is,—*Affirmed*.

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.