Mrs. Anna Swartzwelter, Appellant, v. Iowa Southern Utilities Corporation et al., Appellees.

No. 41821.

SEPTEMBER 26, 1933.

Parrish, Cohen, Guthrie & Watters, E. A. Anderson, and W. M. McLaughlin, for appellant.

McNett, Kuhns & Brown, and H. V. Levis, for appellees.

DONEGAN, J.—Some time prior to the 26th day of March, 1931, the Iowa Southern Utilities Corporation communicated with A. R. Bartell, county engineer of Lucas county, Iowa, in regard to the location of a transmission line of said corporation along a certain road known as "County Road C", which extends southward from the

town of Russell in said county. Said Bartell, county engineer, advised said utilities corporation that work was contemplated upon said road and that, before locating its transmission line thereon, it would be advisable to have the lines of said highway accurately established so that it might not be necessary to move said transmission line after the improvement on said road should be made. An arrangement was accordingly made by the manager of the utilities corporation with the county engineer to meet on said highway along which said transmission line was to be constructed, so that the county engineer could give the utilities corporation the proper highway lines and the location of the transmission line. It was also arranged that the utilities corporation would furnish said county engineer with such help as he might require in establishing said highway lines. Pursuant to such arrangement, the county engineer proceeded to the town of Russell in an automobile belonging to said county, on the morning of March 26, 1931. There he picked up a Mr. Ferguson, who was the foreman of a construction crew employed by the utilities corporation, and proceeded southward to a point about three-fourths of a mile to a mile south of said town. The utilities corporation also sent a number of linemen and employees constituting a construction crew to the same point in said highway, and during a part of the time a Mr. Adams, who was an engineer of the utilities corporation, was present, but took no active part in the work that was there performed. The county engineer selected a point in said road near which he believed it would be possible to find a section corner stone, and from this corner stone he planned to be able to locate the road lines on either side. In making the measurements by which he arrived at the point near which he believed this corner stone was located, he was assisted by the utilities corporation's foreman, Ferguson, and when the point at which he thought this section corner stone would be found was ascertained, the work of digging in the road to try to discover such stone was performed by employees of the utilities corporation. It is undisputed that the assistance given by Mr. Ferguson, foreman of the utilities corporation, and by the workmen who did the digging, was without any compensation being paid by Lucas county. It also appears without question that all this work was done under the direction of said Bartell, county engineer of Lucas county. In trying to locate the section corner stone a ditch about two feet wide, about six or seven feet in length east and west, and about eighteen inches deep, was

dug across the traveled portion of the highway before such corner stone was finally located near the eastern extremity of such ditch. Said corner stone was not discovered until some time after noon on said 26th day of March, and shortly thereafter the ditch or hole which had been dug was filled up.

Between 1 and 2 o'clock on the afternoon of the following day, March 27th, the plaintiff, Anna Swartzwelter, was riding with her son in an automobile driven by him, going northward in said highway toward the town of Russell. There had been a fall of snow during the preceding night and during a part of this day, which had turned into rain, and all depressions along the road were filled with water. As the car in which Mrs. Swartzwelter was riding came to the place where the ditch had been dug across the traveled portion of the highway, it encountered a depression which caused Mrs. Swartzwelter to be thrown against the top of the automobile, whereby she sustained serious injuries. For the damages which she claims to have thus sustained, she instituted suit in the district court of Lucas county against Iowa Southern Utilities Corporation and A. R. Bartell, county engineer of Lucas county. Both defendants filed answers in which they admitted that the utilities corporation is a corporation carrying on business of a public utility in the state of Iowa, and that the defendant A. R. Bartell is the county engineer of Lucas county, Iowa; but denied each and every other allegation contained in plaintiff's petition. Trial was had to a jury, and at the close of plaintiff's evidence the defendants filed separate motions for a directed verdict. Each of these motions contained several grounds and both of said motions were sustained by the trial court. From such ruling the plaintiff appeals.

I. As both of said motions were sustained generally, the order of the trial court directing a verdict was correct, if there was any ground in each of said motions upon which such order was properly based. One of the grounds urged by the Iowa Southern Utilities Corporation in support of its motion for a directed verdict was:

"Because the evidence is insufficient to make a fact question for the jury as to any negligence charged against this defendant."

Appellant contends that the appellee Bartell, county engineer, was acting without legal authority in causing said ditch to be dug in said highway; that the defendant Iowa Southern Utilities Corporation, in causing its employees to do the work of digging said

ditch, was also without any legal authority to do such work; and that both defendants are, therefore, liable for any negligence connected with the dangerous condition thus created. Appellant claims that said Bartell was acting without authority because, in causing and supervising the work of such digging for the purpose of locating the transmission line of the appellee Iowa Southern Utilities Corporation, he was acting without any written application having been filed with the county auditor, as provided by section 4838 of the Code. Appellee meets this argument with the statement that the record is silent as to whether or not any such written application had been made, and that, even if no such application had been filed with the county auditor, this was not a jurisdictional prerequisite to the location of the transmission line in the highway by the county engineer. Appellant does not allege that the appellee Iowa Southern Utilities Corporation had not procured a franchise for the erection of such transmission line along the highway in question, as required by the provisions of chapter 383 of the Code (section 8309 et seq.). Appellee Iowa Southern Utilities Corporation alleges in argument that such franchise had been procured. In the absence of any evidence to the contrary, it will not be presumed that the appellee Iowa Southern Utilities Corporation was violating any law and was proceeding to erect its transmission line on said highway without having procured such franchise; nor, in the absence of any evidence to the contrary, will it be presumed that either of the defendants was violating any law, if the law required that a written application be filed with the county auditor before such transmission line could be located by the county engineer along the road in question.

Moreover, we do not agree with the contention of the appellant that the filing of such application with the county auditor is jurisdictional. If the franchise for the erection of such transmission line along the highway in question had been procured by the appellee Iowa Southern Utilities Corporation, as alleged by it, and as will be presumed in this case, it thus acquired its rights as to said highway. The procedure for the particular location of said transmission line upon the highway does not affect the rights granted by the franchise.

The defendant Bartell was called as a witness by the plaintiff. His testimony was to the effect that all work done by the foreman and crew of the utilities corporation was done for the purpose of assisting him in locating the corner stone so that he might give

the utilities corporation the road lines and thereby locate the transmission line; that no one connected with the utilities corporation had any control or supervision over the work which was done in trying to locate such corner stone; that all of this work was begun and carried on under his direction; and that neither the foreman of the utilities corporation nor the crew furnished him exercised, or had any right to exercise, any control over the work or the manner in which it was done. Not only the result to be obtained, but the means employed in obtaining this result, were under the control of and were directed by the county engineer. In 18 R. C. L. section 244, page 784, it is said:

"The fact that an employee is the general servant of one employer does not, as matter of law, prevent him from becoming the particular servant of another, who may become liable for his acts. And it is true as a general proposition that when one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as the servant of the man to whom he is lent, although he remains the general servant of the person who lent him. In determining whether, in respect of a particular act, a loaned servant is the servant of his original master or of the person to whom he has been furnished, the general test is whether the act is done in the business of which the person is in control as a proprietor, so that he can at any time stop or continue it and determine the way in which it shall be done, not merely in reference to the result to be reached, but in reference to the method of reaching the result."

See, also, Miller v. Minn. & N. W. Ry. Co., 76 Iowa 655, 39 N. W. 188, 14 Am. St. Rep. 258; Callahan v. B. & M. Ry. Co., 23 Iowa 562; In re Estate of Amond, 203 Iowa 306, 210 N. W. 923; Pace v. Appanoose County, 184 Iowa 498, 168 N. W. 916.

From the facts in this case, it is quite apparent that, in the performance of the work of digging the ditch, locating the section corner stone, and refilling the ditch, the foreman and construction crew of the Iowa Southern Utilities Corporation were acting as the special servants of the county engineer, and not as the servants of the Iowa Southern Utilities Corporation. There was nothing in the circumstances under which this work was done which would make the utilities corporation an independent contractor, and there can be no liability on its part for acts done by its servants and employees

while under the control and direction of the county engineer, and in the performance of a work over which he had complete control.

II. Among other grounds, the defendant Bartell asked the court to direct a verdict in his favor,

"Because the evidence is wholly insufficient to make a fact question for the jury as to any negligence charged in plaintiff's petition against the defendant, A. R. Bartell."

It is contended by the appellant that the defendant Bartell is liable because, in digging the ditch for the purpose of locating the section corner stone, this work was done for the purpose of locating the transmission line of the appellee Iowa Southern Utilities Corporation along the highway; and as there had been no written application filed with the auditor asking for the location of this line, the said Bartell was acting without any legal authority. This case, however, was brought against Bartell in his capacity as county engineer of Lucas county, Iowa. Neither the petition nor the amendment thereto alleges that any of the acts complained of, and for which it is sought to hold Bartell liable, was outside the scope of his official duty or without authority of law.

██ Appellant's argument, however, stresses the contention that, as no written application had been filed by the Iowa Southern Utilities Corporation with the county auditor for the location of its transmission line, said Bartell as county engineer was without any jurisdiction to locate such line upon the highway in question, and was, therefore, without legal authority and was in effect a trespasser in undertaking to dig the ditch in question. As we have already noted, the appellees contend, and apparently correctly, that the record is silent as to whether any written application had been filed by the utilities corporation with the county auditor, although there is the testimony of Bartell that the request to locate the transmission line came directly from the utilities corporation and not through the county auditor. If, as contended by appellant, the filing of such application is jurisdictional, and if, without such application, the defendant Bartell, as county engineer, would be acting without authority and illegally, it cannot be presumed that he thus violated the law, in the absence of evidence to show that such application had not been filed. As we have already seen, it must be presumed, in the absence of evidence to the contrary, that the appellee Iowa Southern Utilities Corporation had obtained a franchise to construct

its transmission line along such road pursuant to law. The filing of the written application with the county auditor asking for the location of the said line upon said highway was merely directory and prescribed the procedure to be pursued by the utilities corporation in order to have the county engineer, or board of supervisors (if there be no engineer), designate the particular part of the highway which the transmission line was to occupy. This being true, such written notice could be waived by the county engineer, and, being waived by him, there would be nothing illegal in his acts in locating said transmission line without such written application having been made.

The digging of the ditch in question for the purpose of locating the section corner stone was, in the discretion of the county engineer, an act which might properly be performed by him. It is well established by the long line of authorities in this state that counties are not liable to travelers upon the public highway for negligence in the construction, repair or maintenance thereof. See Snethen v. Harrison County, 172 Iowa 81, 152 N. W. 12; Gibson v. Sioux County, 183 Iowa 1006, 168 N. W. 80; Elgin v. Guthrie County, 194 Iowa 924, 188 N. W. 778; Hilgers v. Woodbury County, 200 Iowa 1318, 206 N. W. 660; Brown v. Davis County, 196 Iowa 1341, 1348, 195 N. W. 363; Incorporated Town of Norwalk v. Warren County, 210 Iowa 1262, 1266, 1267, 232 N. W. 682. It is equally well established as the law of this state that the county officials and agents of the county are no more responsible than the county for which they act. See Packard v. Voltz, 94 Iowa 277, 62 N. W. 757, 58 Am. St. Rep. 396; Wood v. Boone County, 153 Iowa 92, 133 N. W. 377, 39 L. R. A. (N. S.) 168, Ann. Cas. 1913D, 1070; Gibson v. Sioux County, 183 Iowa 1006, 168 N. W. 80; Snethen v. Harrison County, 172 Iowa 81, 152 N. W. 12.

Appellant places great stress upon Code, sections 4840 and 4841, and claims that the evidence clearly shows that the appellee Bartell is guilty of a violation of both of these sections, and that he is, therefore, liable in damages. Section 4840 has reference to the duty of all officers responsible for the care of public highways to remove from the traveled portion of the highways all open ditches, waterbreaks, and like obstructions; and section 4841 provides that anyone who makes or causes to be made any obstruction mentioned in the preceding section, and any officer responsible for the care of such highway who knowingly fails to remove said

obstructions, shall be deemed to have created a public nuisance and be punished accordingly. Aside from the question as to whether a county engineer comes within the classification of officers responsible for the care of public highways, and aside from the further question as to whether the defendant Bartell, as county engineer, knew of the alleged defective condition of the highway at the time of the accident, we do not think that either of these sections was intended to or does repeal the well-established rule of this court that counties and county officials and agents cannot be held for negligence in the performance of their duties in regard to the construction and maintenance of highways. The case of Snethen v. Harrison County, 172 Iowa 81, 152 N. W. 12, 13, cited above, was decided by this court on the 8th day of April, 1915, and a rehearing was denied on October 5, 1915. The accident involved in that case occurred on the 16th of August, 1913. At that time sections 1560-a to 1560-c of the Supplement of 1913 were in effect. The provisions of these sections are substantially contained in sections 4840 and 4841 of the present Code. Section 1560-b specifically provided that it should be the duty of

"board of supervisors or other officer responsible for the care of public highways * * * to remove all open ditches, water breaks, and such like obstructions * * * from the traveled portion of public highways * · * * and for neglect or failure to perform their work they shall be subjected to the penalties of this act."

Section 1560-c provided that any person, including members of the board of supervisors, who neglected to perform the duties incumbent upon him or violated the provisions of the act, should be guilty of a misdemeanor and punished by a fine. In the Snethen case, this court specifically referred to the provisions of this act as "the new road law", and not only reaffirmed the previous holdings of this court to the effect that counties could not be held for negligence, but also reaffirmed the doctrine which had already been established that the county officers or employees were likewise exempt from liability for negligence in the maintenance and construction of highways. We therein said:

"The new road law (chapter 122 of the Acts of the 35th G. A.) authorizes and requires counties to establish county roads, and requires them to construct these roads and to erect the necessary bridges and culverts according to approved plans.

"The defendant county was in the exercise of its powers upon the road in question, and it must be assumed that its board or employees, or both, were extremely negligent in leaving the dangerous place in the road. But they had not constructed a bridge at the point of the accident, so plaintiff's intestate was not injured by reason of a defective bridge. True, the board was bound to construct a bridge at the place where the accident occurred, and was given a fund with which to do it and to keep the structure in repair. It was also authorized to construct the road and doubtless to keep it in repair. But there is nothing in the statute anywhere which indicates any intention on the part of the legislature to impose any liability upon the county for negligence on its part in the doing of its work.

"Appellant contends, however, that the county should be held liable on the same theory that it is responsible for the construction, maintenance, and repair of county bridges; and it must be confessed that the analogy is quite close. But this court, in adopting the rule of liability for defective bridges, did not follow the general rule then existing in other jurisdictions, and has since its adoption persistently and consistently refused to enlarge the same. See cases hitherto cited. It has refused to apply it to county jails and courthouses; to ditches and drains constructed by legislative authority, and to the care of paupers and insane; and it may well be affirmed that county bridges constitute the only exception in this state to the rule of nonliability.

"It is insisted, however, that the individual members of the board of supervisors, who were actively engaged in the work, are liable personally. As they were engaged in a public work in virtue of their office, the rule of nonliability applies to them, as well as to the body for which they were acting. Packard v. Voltz, 94 Iowa 279, 62 N. W. 757, 58 Am. St. Rep. 396; Wood v. Boone County, 153 Iowa 92, 133 N. W. 377, 39 L. R. A. (N. S.) 168, Ann. Cas. 1913D, 1070. Upon this proposition, there is a lack of uniformity in the decisions of the various courts of this country; but, after a careful examination of the underlying principles which should govern, this court has held that the agents who perform the governmental functions are no more responsible than the artificial body—the corporation for which they acted. We see no reason for departing from any of these established rules."

In Gibson v. Sioux County, 183 Iowa 1006, 168 N. W. 80, 81,

we adhered to the doctrine of nonliability of counties or their offi-
cers or employees, and quoted with approval from Wood v. Boone
County, 153 Iowa 92, 133 N. W. 377, 39 L. R. A. (N. S.) 168, Ann.
Cas. 1913D, 1070, wherein we said:

" 'It must certainly be an anomalous doctrine that would ex-
empt a corporation itself from liability for the doing of a lawful
act in a negligent manner, upon the ground of its compulsory
agency in behalf of the public welfare, and at the same time affix
liability upon the agent for precisely the same act done under ex-
press authority. We think an instance of such liability is not to
be found.' "

In the Gibson case, we further said:

"Whether the employee, Gardner, could be found liable, notwith-
standing that the county officials were not, is a question not argued.
The petition avers that Gardner, as employee, deposited the sand
and gravel upon the highway. It also avers, in substance, that the
supervisors directed it to be so done. The employee was presumably
subject to the orders of his employer, and, if he deposited the sand
and gravel where directed by the supervisors, he did not thereby
become guilty of negligence."

See, also, Packard v. Voltz, 94 Iowa 277, 62 N. W. 757, 58 Am.
St. Rep. 396, and Wood v. Boone County, 153 Iowa 92, 133 N. W.
377, 39 L. R. A. (N. S.) 168, Ann. Cas. 1913D, 1070.

In our opinion, the evidence failed to establish any actionable
negligence on the part of either of the defendants in this case, and
the order and judgment of the lower court is, therefore, affirmed.

ALBERT, C. J., and KINDIG, EVANS, CLAUSSEN, ANDERSON, and
MITCHELL, JJ, concur.