CHARLES F. HIBBS, Appellee, v. INDEPENDENT SCHOOL DISTRICT of Green Mountain, Appellee; MARY M. WILSON, Appellant.

No. 42121.

DECEMBER 12, 1933.

REHEARING DENIED OCTOBER 18, 1934.

Boardman & Cartwright, and Miller, Miller & Miller, for appellee School District and appellant Mary M. Wilson.

E. N. Farber, for appellee Charles F. Hibbs.

STEVENS, J.—The independent school district of Green Mountain, Iowa, comprises a territory of twenty-eight sections. The schoolhouse is located near the center of the district. Thus organized and constituted, its pupils are drawn from seven original school

districts in which the schools have been closed—whether because of lack of pupils or for the larger convenience and benefit of pupils residing in the territory, the record does not disclose.

On October 8, 1929, Merle Hibbs, a pupil eight years of age, residing three miles from the schoolbuilding, fell, or was thrown, from the school bus in which he was being transported from school to his home and received serious injuries. This action, brought on his behalf, against the independent school district and Mary M. Wilson, the driver of the bus, to recover damages, resulted, upon the trial, in a directed verdict for the school district and a verdict and judgment against Mary M. Wilson, appellant, for $750.

Merle, with his twin brother, was riding in the front seat with appellant, the driver of the bus. In some way not definitely shown by the evidence, the right door of the bus opened and Merle fell out and was injured, as stated. The negligence charged is the alleged failure of the driver of the bus to securely close the door thereof, the latch of which, it is claimed, was defective.

Preliminary to a discussion of the merits of the one proposition relied upon for reversal, which we deem it necessary to consider in this opinion, the court desires to call attention to a few well-established general principles applicable to the facts of this case. Municipalities possess, and exercise, two distinct classes of powers, one, governmental in character in which it acts in a sense as a sovereign, and the other, proprietary or ministerial, in which it acts for the private advantage of the inhabitants of the municipality. Norman v. City of Chariton, 201 Iowa 279, 207 N. W. 134. When acting in its purely governmental capacity, municipalities are not liable in damages resulting from negligence on the part of its officers, servants, and agents. Harris v. City of Des Moines, 202 Iowa 53, 209 N. W. 454, 46 A. L. R. 1429; Packard v. Voltz, 94 Iowa 277, 62 N. W. 757, 58 Am. St. Rep. 396; Snethen v. Harrison County, 172 Iowa 81, 152 N. W. 12; Gibson v. Sioux County, 183 Iowa 1006, 168 N. W. 80; Leckliter v. City of Des Moines, 211 Iowa 251, 233 N. W. 58; Smith v. City of Iowa City, 213 Iowa 391, 239 N. W. 29; Calwell v. City of Boone, 51 Iowa 687, 2 N. W. 614, 33 Am. St. Rep. 154.

The same rule of nonliability applies to the officers of such municipality. Packard v. Voltz, supra; Wood v. Boone County, 153 Iowa 92, 133 N. W. 377, 39 L. R. A. (N. S.) 168, Ann. Cas. 1913D, 1070; Snethen v. Harrison County, supra; Gibson v. Sioux County,

supra; Leckliter v. City of Des Moines, supra; Harris v. City of Des Moines, supra; Calwell v. City of Boone, supra; Norman v. City of Chariton, supra; Smith v. City of Iowa City, supra; and to its employees, Packard v. Voltz, supra; Leckliter v. City of Des Moines, supra; Smith v. City of Iowa City, supra; Swartzwelter v. Iowa So. Utilities Corp, 216 Iowa 1060, 250 N. W. 121; Hall v. City of Shreveport, 157 La. 589, 102 So. 680.

The foregoing rule of immunity from liability has been numerously and variously applied to school corporations, Lane v. District Township of Woodbury, 58 Iowa 462, 12 N. W. 478; Wixon v. Newport, 13 R. I. 454, 43 Am. Rep. 35; Hill v. City of Boston, 122 Mass. 344, 23 Am. Rep. 332; Bolster v. City of Lawrence, 225 Mass. 387, 114 N. E. 722, L. R. A. 1917B, 1285; Turk v. County Board of Education, 222 Ala. 177, 131 So. 436; Nabell v. City of Atlanta et al., 33 Ga. App. 545, 126 S. E. 905; Spencer v. School Dist. No. 1, 121 Or. 511, 254 P. 357; McVey v. City of Houston (Tex. Civ. App.) 273 S. W. 313; Daniels v. Board of Education of City of Grand Rapids, 191 Mich. 339, 158 N. W. 23, L. R. A. 1916F, 468; Allen v. Independent School Dist., 173 Minn. 5, 216 N. W. 533; Juul v. School District, 168 Wis. 111, 169 N. W. 309, 9 A. L. R. 904; Howard v. Tacoma School Dist., 88 Wash. 167, 152 P. 1004, Ann. Cas. 1917D, 792; Gold v. Baltimore, 137 Md. 335, 112 A. 588, 14 A. L. R. 1389; Clark v. City of Nicholasville (Ky.) 87 S. W. 300; Finch v. Board of Education, 30 Ohio St. 37, 27 Am. Rep. 414; School District of City of Erie v. Fuess, 98 Pa. 600, 42 Am. Rep. 627; Ernst v. City of West Covington, 116 Ky. 850, 76 S. W. 1089, 63 L. R. A. 652, 105 Am. St. Rep. 241, 3 Ann. Cas. 882; · and to boards of education and other officers of school districts, Turk v. County Board of Education, supra; Beeks v. Dickinson County, 131 Iowa 244, 108 N. W. 311, 6 L. R. A. (N. S.) 831, 9 Ann. Cas. 812; Heppel v. City of Columbus, 106 Ohio St. 107, 140 N. E. 169; Consolidated School Dist. v. Wright, 128 Okl. 193, 261 P. 953, 56 A. L. R. 152; Daniels v. Board of Education of City of Grand Rapids, supra; Antin v. School District, 130 Or. 461, 280 P. 664, 66 A. L. R. 1271; Finch v. Board of Education, supra.

No case against an employee of a school corporation directly involving personal liability on his part for negligence causing injury to a pupil has been called to the attention of the court. No reason would, however, seem to exist for granting exemption from liability to the employees of other municipal corporations whose negligence

has resulted in injuries or damages for which relief is sought, where the same arose while the municipality was engaged in the performance of a governmental function and to deny the same to an employee of a school corporation when similarly engaged.

It was held in Calwell v. City of Boone, supra, that cities are not liable for torts of police officers while engaged in the enforcement of police regulations and that such cities cannot make themselves liable by ratification of such acts. A school corporation, being an independent agency of the state for the purpose, in part, of the education of the boys and girls residing therein in providing for the transportation of pupils to and from school are engaged in the performance of a governmental function. On this point, see Bolster v. City of Lawrence, supra; Consolidated School Dist. v. Wright, supra; Allen v. Ind. School Dist., supra.

The trial court, upon motion of the school district, directed the jury to return a verdict in its favor but declined to so rule upon a motion of appellant upon the ground that she was also engaged in the performance of a governmental duty at the time the accident occurred. The plaintiff has not appealed from the ruling of the court denying recovery against the independent school district and the correctness of the court's ruling on the motion to direct in its favor is not involved on this appeal.

It is alleged in the petition of appellee that appellant, who was the driver of the bus, was employed by the independent school district to operate the same and to convey the pupils to and from school. Appellant testified to the same effect and also that she was the owner of the bus. The defendant school corporation specifically denied that appellant was employed by it and alleged that the contract for the services being rendered by her was with James W. Wilson, her husband.

 Two principal propositions are stressed by appellee, namely, that the independent school district of Green Mountain is not a consolidated district and is not, therefore, required by law to transport pupils to and from school, and the other that appellant was not an employee of the district and, therefore, is not entitled to immunity under the rules applicable to school districts acting in a governmental capacity. No authorities in any way sustaining either of the foregoing propositions are cited, except section 4182 of the Code which makes it the duty of school corporations maintaining

a consolidated school to provide conveyance for pupils to and from school.

It is provided by section 4233 of the Code of 1931 that in all districts where the district school has been closed, as provided in section 4232, transportation shall be provided as in consolidated districts for any children residing more than two miles from the nearest school. Section 4232 of the Code provides that, if a school is closed for lack of pupils, the board shall provide for the instruction thereof in another school as conveniently located as may be. It is further provided by section 4375 of the Code that when the school board is released from its obligation to maintain a school or, when there are children living at an unreasonable distance from their own school, the board may contract with boards or other school districts, or independent districts, for the instruction of children thus deprived of school facilities, or, as provided by section 4376, that when there will be a saving of expense and children will also thereby secure increased advantages, the board may arrange for the transportation of any child to and from school at the expense of such district. Sections 4375 and 4376 are a part of chapter 226 of the Code, which relates to school houses and school sites. The foregoing provisions of the statute which are designed for the benefit of children of school age should be liberally construed so as to effectuate and carry out the legislative intent. In exceptional cases, the county superintendent may require that transportation be furnished to children living a distance of less than two miles. Section 4233, Code 1931. The county superintendent of schools testified that the independent school district of Green Mountain was organized during his term of office and that he participated in an advisory capacity in the organization thereof. No issue challenging the authority of the board to provide at its own expense for the transportation of pupils to and from schools is tendered in this case. The district, as stated, comprised twenty-eight sections and, no doubt, many pupils resided at an unreasonable distance from school. The bus in which Merle was riding had a capacity of twenty pupils. The board was clearly acting within the authority conferred upon it by the legislature and with equal clearness it was, in providing for the transportation of pupils to and from school, engaged in the performance of its governmental power.

Many cases are cited above to support the practically universally recognized rule that the exemption from liability in cases

of this character applies as well to the school corporation, its officers, and, upon principle, it must be held to apply to its employees. Had the husband been driving the bus, it would have to be conceded that he, under the circumstances of this case, would be immune from liability. Appellant, with the knowledge and acquiescence of the school board, was performing the identical functions and rendering the same service as her husband would have rendered. If not technically an employee of the district, it is only because her husband, whose place she had taken, sustained a technical contractual relation thereto. No case directly in point has come under our observation. The rule of nonliability exists because the functions being performed are for the common good of all without any special corporate benefit or profit. No distinction in principle can be made upon the basis of which the general rule of nonliability shall not be applied to the facts of this case. The contract for carrying the pupils is not before us.

It follows that appellant's motion for a directed verdict should have been sustained. The judgment appealed from is, accordingly, reversed.—Reversed.

ALBERT, C. J., and EVANS, KINDIG, ANDERSON, and KINTZINGER, JJ., concur.