ANNA DOHERTY, Administratrix, Appellant, v. RALPH EDWARDS, Appellee.

No. 44549.

FEBRUARY 14, 1939.

Fisher & Fisher, for appellant.

Sullivan, McMahon & Linnan, for appellee.

MILLER, J.—Appellant is the administratrix of the estate of E. J. Doherty, deceased. Her petition alleges that in January 1937 appellee was an employee of the Federal Resettlement Administration. Decedent made application through appellee, as such employee, for a government loan. On January 29, 1937, in connection with the negotiation of such loan, decedent, at the instance and request of appellee, was being transported in an automobile, owned and operated by appellee, through the town of Rock Valley, Iowa, when an accident occurred which resulted

in decedent's death. The petition alleges that the accident was caused by the negligence and recklessness of appellee, and that the decedent was free from contributory negligence.

Appellee demurred to the petition on the ground that, in the operation of the automobile at the time of the accident, appellee was engaged in the performance of a governmental function as an agent of the United States Government, and, therefore, was not legally liable to appellant. The demurrer was sustained. Appeal has been perfected from such ruling.

We are not favored with an argument by appellee. Apparently, appellee relied upon the holding of this court in the case of Hibbs v. Independent School District, 218 Iowa 841, 251 N. W. 606. The demurrer was submitted to the trial court July 3, 1937, and was not ruled upon until February 4, 1938. In the meantime, this court adhered to its holding in the Hibbs case, on October 26, 1937, in an opinion filed in the case of Shirkey v. Keokuk County, 225 Iowa 1159, 275 N. W. 706, and again, on December 14, 1937, in the case of Olson v. Cushman, 224 Iowa 974, 276 N. W. 777. Referring to such opinions, the trial court stated that its ruling had been delayed awaiting pronouncements by this court, and that, in view of such pronouncements, there was no question but that this court had now "definitely expressed the law of this state applicable to this case."

Since the appeal was perfected herein, this court has granted a rehearing in the Shirkey case, pursuant to its opinion in the case of Montanick v. McMillin, 225 Iowa 442, 280 N. W. 608, which overruled the Hibbs case and held that a government employee is not relieved of legal liability, when his tortious act is committed in the performance of a governmental function. On rehearing in the Shirkey case, the decision to overrule the Hibbs case was adhered to. Shirkey v. Keokuk County, 225 Iowa 1159, 1181, 281 N. W. 837.

Accordingly, it is now necessary that the ruling of the trial court herein be reversed.—Reversed.

The CHIEF JUSTICE and all JUSTICES concur.