THE NORTHERN TRUST COMPANY, a Corporation, v. THE FIRST NATIONAL BANK OF BUFFALO, NORTH DA-KOTA, a Corporation.

(140 N. W. 705.)

One M. was treasurer of Cass county during the years 1907-10, inclusive, and the plaintiff furnished his official bond. Cass county claimed a shortage, and

sued and recovered judgment against this plaintiff for something over $7,000 defalcation. During the years 1907, 8, 9, said M. paid to this defendant some $2,564.22 upon his personal debt to defendant. Said payments were made by means of twenty-six checks upon the funds of Cass county, said checks being signed Cass county, North Dakota per M., Treasurer. After the trust company had paid the defalcation, it brought this suit against the defendant to recover said sums. Defendant demurs to the complaint.

**Complaint — demurrer — judgment — suit — parties.**

1. The complaint alleges that the said treasurer paid to defendant the said moneys of Cass county upon his private account, and that the defendant knew, or ought to have known, of the ownership of the funds. The complaint further alleges that Cass county recovered judgment against this plaintiff for a shortage of over $7,000. *Held*, that the allegations relative to the suit, by Cass county, pertained to the subject of the subrogation of plaintiff to Cass county's interest in the funds. The fact that a judgment was obtained against the surety company for a shortage in M.'s account will not be binding upon this defendant, who was not a party to the suit, but this plaintiff will have to prove the fact of the shortage upon the present trial.

**Payments — allegation — accounts.**

2. Defendant claims that there is no allegation that the wrongful payments made by the treasurer occasioned the shortage in his accounts. *Held*, that the above allegations necessarily imply a shortage, and that the same was occasioned by the wrongful payments of Cass county's money to defendant.

**Unlawful payments — private debts.**

3. Defendant claims that the complaint does not allege that the payments were unlawfully made. *Held*, that the allegation that the said M. paid and the defendant received the funds of Cass county upon the private debt of the said M. sufficiently alleges an unlawful use of the funds.

**Remedy — bond — rights — subrogation.**

4. Defendant contends that Cass county should have sued and recovered from the bank the funds in question before resorting to the bond of the trust company. *Held*, that Cass county was under no obligation to pursue this remedy before resorting to this bond; that § 6110, Rev. Codes 1905, controls, and that the plaintiff is subrogated to all the rights of Cass county.

**Checks — payee — notice.**

5. The fact that defendant received twenty-six checks drawn in the name of Cass county was sufficient notice to the payee of the checks that the moneys belonged to Cass county, and not to M.

*Held*, that the demurrer of the defendant was properly overruled.

Opinion filed February 3, 1913. Rehearing denied April 1, 1913.

Appeal from the District Court for Cass County, *Pollock,* J.
Affirmed.

*Ball, Watson, Young, & Lawrence* and *Pollock & Pollock,* for appellant.

Judgment against plaintiff as surety, on account of default of plaintiff's principal, has no effect upon the defendant. Rodini v. Lytle, 52 L.R.A. 165, and note.

Payment made to defendant by the county treasurer must have been made unlawfully and without authority. Rev. Codes, §§ 2461, 2489, 2463, 6107–6110.

*Pierce, Tenneson, & Cupler,* for respondent.

The checks were issued and signed in the name of Cass county, and this was sufficient to charge defendant with knowledge that it was receiving money belonging to Cass county, and not that of the treasurer. Coleman v. Stocke, 159 Mo. App. 43, 139 S. W. 216; Wolffe v. State, 79 Ala. 201, 58 Am. Rep. 590; Rochester & C. Turnp. Road Co. v. Paviour, 52 L.R.A. 790, and note, 164 N. Y. 281, 58 N. E. 114; Gerard v. McCormick, 14 L.R.A. 234, and note; Langlois v. Granon, 123 La. 453, 22 L.R.A.(N.S.) 415, 49 So. 18; Tomsecek v. Travelers' Ins. Co. 113 Wis. 114, 57 L.R.A. 455, 90 Am. St. Rep. 846, 88 N. W. 1013; Baldwin v. Tucker, 112 Ky. 282, 57 L.R.A. 451, 65 S. W. 841.

A surety who has paid the debt of his principal is entitled to be subrogated to the remedies and rights which the creditor had, against the principal and others. 37 Cyc. 415; National Surety Co. v. State Sav. Bank, 14 L.R.A.(N.S.) 155, and notes; Brandt, Suretyship, §§ 351–353; Keokuk v. Love, 31 Iowa, 119; Braught v. Griffith, 16 Iowa, 26.

A surety on a fiduciary bond will be subrogated to the right of the obligee to recover money taken by a third person on debt of principal. 37 Cyc. 417, note 16; Blake v. Traders' Nat. Bank, 145 Mass. 13, 12 N. E. 414; Boone County Bank v. Byrum, 68 Ark. 71, 56 S. W. 532; Rev. Codes 1905, §§ 6109, 6110; 37 Cyc. 373; Thurston v. Osborne-McMillan Elevator Co. 13 N. D. 512, 101 N. W. 892; St. Louis, A. & T. R. Co. v. Fire Asso. of Philadelphia, 55 Ark. 163, 18 S. W. 43.

Allegations of a pleading should receive liberal construction, with a view to substantial justice. Rev. Codes 1905, § 6869; Donovan v.

St. Anthony & D. Elevator Co. 7 N. D. 513, 66 Am. St. Rep. 674, 75 N. W. 809.

The complaint on demurrer must be deemed to allege all that can be implied from the allegations, by a reasonable and fair intendment. 4 Enc. Pl. & Pr. 755; Weber v. Lewis, 19 N. D. 473, 34 L.R.A.(N.S.) 364, 126 N. W. 105; 31 Cyc. 86.

Where an act is lawful on certain conditions, it is not necessary for plaintiff to negative the existence of such conditions; they constitute matter of defense. 15 Enc. Pl. & Pr. 429, and cases cited.

It is presumed that one who holds money or property as agent, trustee, executor, administrator, guardian, or partner has no authority to dispose of it in payment of his own debt. Gerard v. McCormick, 130 N. Y. 261, 14 L.R.A. 234, 29 N. E. 115; Second Nat. Bank v. Gardner, 171 Pa. 267, 33 Atl. 188.

BURKE, J.  One M. was county treasurer of Cass county, North Dakota, for the years 1907–1910, inclusive, and the plaintiff trust company was his official bondsman.  At the close of his term of office, the county of Cass claimed that he was short in his accounts something over $7,000, and judgment was recovered against the surety for such defalcation.  Having paid the judgment, the trust company in its turn brought this action against the National Bank of Buffalo, North Dakota, to recover the sum of $2,564.22, the moneys which it is alleged belonged to said Cass county, but were wrongfully paid by said treasurer to said bank upon a private indebtedness.

The complaint, after alleging the formal matters of the election of the treasurer and the giving of the bond, further alleges: "That on the said second day of January, 1911, the said M. was short in his accounts as treasurer of said Cass county of public moneys in his hands, belonging to said Cass county, and failed to pay over and deliver according to law, to his successor in office, the sum of $7,258.28, and wholly failed and neglected to pay said sum or any part thereof.

"That thereafter said Cass county duly demanded of this plaintiff (the trust company), as surety upon the official bond of said M., as aforesaid, that said shortage be paid into the treasury of said Cass county, and that this plaintiff make good the sum of money aforesaid, and upon the failure of the plaintiff so to do, an action was duly and regu-

larly commenced in the district court of Cass county by the county of Cass as plaintiff, against this plaintiff as defendant, in which such proceedings were duly and regularly had; that on the 5th day of April, 1911, a judgment was duly and regularly entered against this plaintiff, and in favor of Cass county, North Dakota, for the sum of $7,258.28 for principal, $84.66 interest, and $7 costs, making a total judgment against this plaintiff, by reason of the defalcation of said M., as treasurer of Cass county, in the sum of $7,349.94; that thereafter and on the 6th day of April, 1911, this plaintiff was compelled to and did pay said judgment.

"That during the years 1907, 8, 9, the said M., as treasurer of said Cass county, deposited the money of said Cass county in the Commercial Bank of Fargo, Merchants National Bank of Fargo, and the first National Bank of Fargo, in the name of, and to the credit of, said Cass county, North Dakota. That between the 10th day of April, 1907, and the 21st day of September, 1909, both dates inclusive, said M. issued checks upon said banks, payable to the defendant herein, the First National Bank of Buffalo, North Dakota, in the aggregate sum ·f $2,564.22.

"That said checks were signed in the name of Cass county, North Dakota, and were issued and delivered by said M. and received by defendant in payment of the individual obligation of said M., and that defendant knew, or ought to have known, that the funds on which the same were drawn, were the moneys of the said Cass county, and not the moneys of said M. That defendant collected the respective amounts for which said checks were drawn, from the funds of said Cass county standing to the credit of said Cass county in such banks, with a knowledge aforesaid, and now holds and retains said sum of $2,564.22 to and for the use and benefit of the plaintiff herein, the said sum being a part of the amount for which judgment was recovered by said Cass county and paid by this plaintiff." Then follows an itemized statement of the checks, twenty-six in number, and the banks on which they were drawn, with the date of payment, and a demand for judgment.

To this complaint the defendant demurred upon the ground that the complaint does not state facts sufficient to constitute a cause of action. This demurrer being overruled, the defendant has appealed to this court, and argues the following objections to the complaint, to wit:

First, that the judgment obtained by Cass county against the surety company is not binding upon the defendant bank; second, that the complaint fails to show that the defalcation was caused by the payments made by the treasurer to defendant; third, that the complaint fails to allege that said payments were unlawful; fourth, that the surety company should have compelled Cass county to proceed against this defendant, before making good the defalcation; and, fifth, that the complaint states no knowledge upon the part of the defendant bank, excepting that the checks were signed by Cass county, which fact they contend is insufficient to charge defendant with knowledge of the unlawful use of such funds. We will take up and dispose of these propositions in the order named. It is, of course, well settled in this state that a complaint will be given a liberal construction when attacked by demurrer. See § 6869, Rev. Codes 1905; Weber v. Lewis, 19 N. D. 473, 34 L.R.A. (N.S.) 364, 126 N. W. 105. However, said rule has never extended so far as to supply any material allegation that may be omitted from the complaint.

(1) The defendant cites many cases, holding that a judgment recovered against a principal upon a bond is not conclusive against the surety who has not been joined in the suit. We agree fully with the said authorities, but do not believe that they apply in this case. The complaint above set forth is not a model by any means, but we think liberal construction shows that the pleader intended to plead a shortage occurring between April 10, 1907, and September 21, 1909, during which time the treasurer gave twenty-six checks upon the Cass county fund, to defendant in payment of his personal indebtedness. It is hard to see how the defendant could use this money of the county to pay his personal debt to defendant, without creating a shortage. It is further alleged in the complaint that judgment was recovered against the surety company for the said sums, "the said sum being a part of the amount for which judgment was recovered by said Cass county and paid by this plaintiff." The plaintiff, having in this rather crude manner alleged a shortage, will be obliged to substantiate those facts with proof upon the trial. We do not understand that he intends to supply this proof by offering the judgment obtained by Cass county against itself, the surety company. Those parts of the complaint which set forth that the treasurer was short in his accounts, and that Cass county obtained

judgment for such shortage against the surety company, are, we think, pleaded to show the right of this plaintiff to be subrogated to the rights of Cass county. The defendant is not estopped to deny the shortage of the treasurer in' this action, because such shortage was determined in the prior action. This disposes of defendant's contention that he will not be allowed to litigate this question.

(2) Taking up the second proposition, that the complaint does not allege that the shortage was occasioned by the wrongful payments made by the treasurer to the defendant, we have much the same answer to make as in paragraph one. The language, "that on said 2d day of January, 1911, the said M. was short in his accounts," was used in connection with the bringing of the suit against the surety company, and not in alleging the shortage. The allegations that twenty-six checks, aggregating $2,564.22 of the moneys of Cass county, were paid to the defendant in the years 1907, 8, 9, and that said payments were received by defendant in payment of the individual debt of the treasurer, and that the defendant knew, or ought to have known, that the money belonged to Cass county, are sufficient to apprise the defendant of the nature of the claim against them, and sufficient to support the complaint against said attack.

(3) The third objection is that the complaint does not allege that the payments were unlawfully made. Defendants, in their brief, say that it is a fair presumption that the county treasurer paid out no money, excepting upon warrants duly signed and delivered to him. Conceding this, we think that said presumption is negatived by the allegation that the checks were signed in the name of Cass county, and were delivered and received in payment of the individual debt of the treasurer, with the knowledge of defendant.

(4) Defendant contends that Cass county should have proceeded against the bank of Buffalo, and recovered this amount, before bringing suit against the surety, and refers us to § 6107, Rev. Codes 1905. We do not believe there is any merit in this contention. Cass county might have so proceeded, but was under no obligation so to do. Section 6107 merely says that a surety *may* require his creditors to pursue other remedies. Section 6110, Rev. Codes 1905, reads as follows: "A surety, upon satisfying the obligations of the principal, is entitled to enforce every remedy which the creditor then has against the principal, to the

extent of reimbursing what he has expended . . . ." See also 37 Cyc. 415; National Surety Co. v. State Sav. Bank, 14 L.R.A.(N.S.) 155, 84 C. C. A. 187, 156 Fed. 21; 13 Ann. Cas. 421; Brandt, Suretyship, §§ 351–353; American Bonding Co. v. National Mechanics' Bank, 99 Am. St. Rep. 466, and note; Nelson v. Webster, 72 Neb. 332, 68 L.R.A. 513, 117 Am. St. Rep. 799, 100 N. W. 411. We think the bond company was subrogated to every right that Cass county had to bring this suit.

(5) Defendant contends that the mere fact that the twenty-six checks received by it were signed in the name of Cass county is not sufficient to apprise it of the fact that the money actually belonged to Cass county, and not to M., the treasurer. This matter is fully discussed in a note in 14 L.R.A. 234, in the leading case of Gerard v. McCormick, 130 N. Y. 261, 29 N. E. 115; 7 Century Dig. § 844; 40 Century Dig. §§ 501, 550. In the New York case, supra, a check signed "Wm. Boswell, Agt. Glass Building," was sufficient to apprise the payee of the check that he was receiving trust funds. The facts in this case are much stronger. Here there were twenty-six separate checks, all signed in the name of Cass county, and there is no escaping the presumption that the bank knew that it was receiving Cass county's money unlawfully.

Having disposed of all of the objections to the complaint, it follows that the order of the trial court, overruling the demurrer, must be affirmed.