## Charles L. English et al., Appellees, v. Palmer National Bank of Danville, Illinois, Appellant.

1. PRINCIPAL AND SURETY, § 89*—*what is not a defense to bill by sureties on official bond against depositary of public funds.* Where a bank in which a defaulting county treasurer has deposited county funds, knowing the character of the funds, allowed the treasurer to withdraw certain sums therefrom for the payment of his individual obligations and for his personal use, on a bill in equity, filed by the sureties on the treasurer's official bond, against the bank, praying that it be decreed and held to be a trustee to hold such funds impressed with a trust in favor of the complainants, to the extent that they had been compelled to make good the default of the treasurer, it was *held* that the defendant's claim that the complainants were officers of certain banks which had agreed to indemnify the complainants in case of loss by reason of their becoming sureties on the bond, would, though true, be no defense to the suit.

2. PRINCIPAL AND SURETY, § 83*—*what is extent of right of sureties to subrogation.* The equities of sureties extend to all the rights of creditors respecting the debts which the sureties pay, and sureties are considered subrogated to all the rights, remedies and securities of the creditors as to any fund, lien or equity which the creditor may have against any person or property on account of the debt.

3. OFFICIAL BONDS, § 40*—*when depositary of public funds liable to sureties making misappropriation good.* A bank having received payment of notes and overdrafts, made by a county treasurer in his individual and personal accounts, from funds belonging to the county deposited in the bank to the order of the treasurer as treasurer, *held* accountable, for money so misappropriated with the knowledge of the bank, to sureties on the treasurer's official bond

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

who had made good to the county the amount of the treasurer's misappropriation.

Appeal from the Circuit Court of Vermilion county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916. *Certiorari* denied by Supreme Court (making opinion final).

J. B. MANN, EDWIN WINTER and J. C. WOODBURY, for appellant.

LINDLEY, PENWELL & LINDLEY and REARICK & MEEKS, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a bill in equity filed in the Circuit Court of Vermilion county on April 13, 1911, by C. L. English, L. D. Gass, M. E. King, J. G. Cannon, E. X. LeSeurc and C. V. McClenathan against the Palmer National Bank of Danville, Illinois, M. J. Wolford, C. U. Feldcamp and Hardy H. Whitlock. It alleges that in December, 1906, Whitlock became county treasurer of Vermilion county, and that the complainants with the defendants Wolford and Feldcamp became sureties on the official bond of said Whitlock as such county treasurer in the sum of $300,000; that Whitlock served as county treasurer the full term for which he was elected, and at the close of said term it was discovered that he was a defaulter as such treasurer in the sum of $37,522.34, which deficiency the said sureties on his bond were compelled to make good to the county of Vermilion, each surety paying to the said county $4,690.29; that at the time of said default said Whitlock was and still is insolvent, and a petition is now pending for the purpose of having said Whitlock declared a bankrupt, and that his assets are not sufficient to pay ten cents on the dollar on his liabilities; that said Whitlock as county treasurer deposited certain moneys of the county of Vermilion in the Palmer Na-

tional Bank, a corporation duly incorporated under the laws of the United States, which said funds were deposited in his official capacity and were impressed with a trust in favor of said county and said deposit was known to the Palmer National Bank to be a trust fund; that during his term of office said Whitlock drew certain checks against said trust fund in favor of said Palmer National Bank in payment of his personal obligations to said bank and certain other checks for deposit to his individual account and said Palmer National Bank received said checks in payment of the obligations of said Whitlock and permitted said transfers of said trust funds to the individual account of said Whitlock, then and there knowing that the same were misappropriations of said county funds. The bill sets forth each of said checks in detail.

The bill further alleges that the securities, having made good the default of said official, are subrogated to the rights of the obligee in said official bond against the bank which received said trust funds with notice of their misappropriation, and that defendants Wolford and Feldcamp decline to join complainants in prosecuting this suit. The prayer in the bill is that the defendant bank be decreed and held to be a trustee and to hold said funds impressed with a trust in favor of the sureties to the extent they have been compelled to make good the default of said treasurer.

The defendants Feldcamp, Wolford and Whitlock were defaulted. An answer was filed by the defendant bank denying the allegations of the bill. The cause was referred to a special master, who reported the evidence with his findings. It was then heard by the court on exceptions to the master's report and a decree entered which sets forth a full and complete finding of facts from the evidence. It finds from the evidence the facts as alleged in detail: that the bank knowing the trust character of the deposits by Whit-

lock, county treasurer, received and applied to the payment of Whitlock's individual obligations to or overdrafts on said bank, the proceeds of checks amounting to $9,644.10, and permitted him to draw for his own personal use $616.64, a total of $10,260.74, which with legal interest from the filing of the bill amounts to $12,659.15; that the sureties have made good the loss to the county and are entitled to be subrogated to the rights of the county; that Whitlock is insolvent and has conveyed all his property to a trustee; that the sureties will receive no reimbursement other than the fair cash value of the real estate conveyed to the trustee, which value is far less than the amount of the default less the amount found due from the defendant bank, and a decree is entered against the bank for $9,494.34, being six-eighths of said sum.

The record clearly shows that Whitlock was a defaulter as county treasurer and that each of his sureties advanced $4,690.29 to make up the defalcation when Whitlock turned the office over to his successor. The master and the chancellor both found from the evidence that the Palmer National Bank received from Whitlock certain funds which were deposited to his account as county treasurer; that the Palmer National Bank knew that said deposit account was a county fund and that Whitlock used $9,644.10 of said county's money in paying his personal overdrafts and notes to that bank and that he drew out for his individual use $616.64, and the bank depository had full knowledge of the misappropriation at the time it honored his checks drawn for his own use and to pay his notes held by it.

Appellant does not appear to contend that on these findings the appellees are not entitled to recover from the appellant the amount so misappropriated with its knowledge. The contention of appellant is that appellees were the managing officers of three other banks,

that had agreed with appellant to furnish the bond for the county treasurer and that the defalcation was paid by the other banks and not by the appellees, or that appellees, if they ever paid the defalcation, had been reimbursed by their respective banks and that appellees had become sureties at the request of the banks, and therefore cannot have any standing in a court of equity, for the reason banks may not become sureties or guarantors. The evidence shows that the checks that made up the defalcation were signed by the appellees. The appellees were the sureties. Even if the banks had made *ultra vires* contracts with the appellees to reimburse them in case of loss, that is no concern of appellant. If the suit is for the benefit of the banks and the suit is for the use of the banks, they are not parties to the record.

If it be a fact that the banks had agreed to indemnify the appellees for executing the bond for the county treasurer, and that such a contract made by a National Bank would be *ultra vires* such fact would not furnish a reason why the appellant should be permitted to wrongfully misappropriate the moneys of the county at the expense of the sureties of the county treasurer. *Voltz v. National Bank of Illinois,* 158 Ill. 532; *American Exp. Co. v. Haggard,* 37 Ill. 465. If it be a fact that appellees became sureties upon the bond of the county treasurer on the promise of the banks to reimburse them, if they should thereby suffer any loss, yet that could not be urged as a defense on behalf of the sureties, when they are called upon to make good the defalcation of their principal.

The master and the chancellor both found that appellant knowingly permitted the county treasurer to pay his debts to it from the trust fund and to appropriate county funds for his private use. We see no reason to disagree with the facts as found from the evidence by the trial court.

The equities of sureties extend to all the rights of the creditors respecting the debt which the sureties pay, and sureties are considered subrogated to all the rights, remedies and securities of the creditors, as to any fund, lien or equity which the creditor may have against any person on property on account of the debt. *Lochenmeyer v. Fogarty*, 112 Ill. 572; (*Rice v. Rice*, 108 Ill. 199; 37 Cyc. 415; *Northern Trust Co. v. First Nat. Bank of Buffalo*, 25 N. D. 74, 140 N. W. 705; *United States Fidelity & Guaranty Co. v. Union Bank & Trust Co.*, 228 Fed. 448.) The appellant having received payment of notes and overdrafts made by the county treasurer in his individual and personal account from funds belonging to the county, deposited to the order of Whitlock as county treasurer, must account for the moneys thus misappropriated with the knowledge of appellant. The decree is affirmed.

*Affirmed.*