Maxwell E. OSBORN, Administrator of the Estate of John D. Charles, Deceased, and Chicago Pneumatic Tool Company, a New Jersey corporation, Appellants (Plaintiffs below),

v.

Charles Logan LAWSON, Appellee (Defendant below).

No. 3084.

Supreme Court of Wyoming.

Aug. 28, 1962.

Ferrall, Bloomfield, Osborn & Lynch, Maxwell E. Osborn, Cheyenne, for appellants.

Hirst & Applegate, Byron Hirst, Cheyenne, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

The action herein was brought on August 2, 1960, by Maxwell E. Osborn, Administrator of the Estate of John D. Charles, Deceased, and Chicago Pneumatic Tool Company, a New Jersey corporation, against Charles Logan Lawson. The amended petition, filed July 11, 1961, alleges in substance as follows:

After mentioning that Osborn was administrator of the estate of John D. Charles, it is alleged that on February 12, 1959, the defendant Charles Logan Lawson was engaged in driving a snowplow on U. S. Highway 30 at a place approximately 60 miles east of Rock Springs, Wyoming; that at that place the highway traffic lanes were divided into eastbound and westbound lanes by a dirt fill; that defendant was driving said snowplow during a period and within an area of poor visibility due to falling and blowing snow in a westerly direction and against traffic in the eastbound lane; that decedent was driving an automobile owned by the plaintiff Chicago Pneumatic Tool Company in an easterly direction on the eastbound lane on said highway; that a head-on collision occurred between the snowplow and the automobile due to the negligence of defendant; that the death of Charles was caused immediately by that collision and plaintiff asks judgment for $202,000.

The Chicago Pneumatic Tool Company alleged that it owned the automobile driven by John D. Charles and that the value of the automobile was reduced by reason of the collision and asked judgment in the sum of $1,560.

The defendant Charles Logan Lawson, in his answer, alleged as follows:

He, the defendant, was acting as the officer and representative of and on behalf

of the State Highway Commission of Wyoming and the State of Wyoming, and, therefore, he has immunity from any liability to plaintiffs in this action; that while employed as aforesaid he was in charge of snowplows and was driving a snowplow on U. S. Highway Interstate 80 about two miles west of Red Desert, Wyoming, and that the deceased Charles drove an automobile head-on into the snowplow and was killed. As a separate defense, defendant alleged that the collision was caused by the negligence of John D. Charles, the deceased.

On August 16, 1961, defendant moved the court for a summary judgment because defendant Lawson acted for the State of Wyoming and is immune from liability for his acts, and defendant Lawson was not negligent in the death of John D. Charles, and the deceased was guilty of negligence. The affidavits of J. R. Bromley and the defendant Lawson were attached.

The affidavit of Bromley states that at the time in question he was superintendent and chief engineer of the State of Wyoming Highway Department; that defendant Lawson was an officer of the highway department in charge of maintenance of the particular highway upon which the collision occurred; that the highway commission had established a particular manner and method of clearing snow from the highways when necessary; that this manner and method were being followed by defendant Lawson at the time of the collision mentioned in the amended petition; that the type of snowplow being operated by defendant Lawson at the time of the accident was the only type of snowplow furnished and available and that it was necessary in order to clear snow from the highway upon which the collision occurred for the plow to be driven against traffic; that at the entrance to the divided highway in question large, clearly visible, readable signs were established stating "SNOWPLOWS WORKING AGAINST TRAFFIC."

The affidavit of defendant Lawson states that he is the defendant mentioned in the amended complaint; that at the time and place in question defendant, while maintaining the highway as an officer for and on behalf of the highway commission of Wyoming in clearing snow from the highway in the only manner possible, was operating a truck equipped with a side delivery, non-reversible, one-way snowplow and was traveling west against traffic on the north half of the south portion of a divided highway; that the countryside for many miles around the place of the accident was covered by loose and blowing snow and it was still snowing at the time of the collision; that visibility was fair except when meeting and passing vehicles which caused a heavy cloud of fine snow; that defendant's truck-snowplow had all lights burning including the blinking blue light on the top of the cab and two headlights on top of the cab and clearance lights on and around the top of the truck; that immediately prior to the accident a truck passing the snowplow threw up a dense cloud of snow making visibility zero at the instant of the accident; that decedent Charles drove along the highway under these conditions at a high rate of speed directly into the snowplow; that the collision happened on the north half of the south portion of the divided highway in the lane in which the snowplow was driving; that at the time, at the entrance to the divided highway in question, there were large, clearly visible and readable signs stating, "SNOWPLOWS WORKING AGAINST TRAFFIC."

No counteraffidavits were filed.

On October 6, 1961, after hearing the motion of the defendant for summary judgment the trial court entered an order sustaining the motion on the ground that the defendant was immune from liability in this action. From that judgment the plaintiffs have appealed to this court.

It is the contention of the appellee that defendant Charles Logan Lawson, appellee herein, was immune from liability the same as the highway commission and that this was specifically decided by this court in the case of Price v. State Highway Commission, 62 Wyo. 385, 167 P.2d 309.

See also Ellis v. Wyoming Game and Fish Commission, 74 Wyo. 226, 286 P.2d 597. The appellants contend that defendant was not immune and assert that the governmental immunity on behalf of an employee was not discussed or decided in the Price case and that case accordingly is not pertinent herein. In the Price case plaintiff made the highway commission, J. R. Bromley, highway superintendent, and Timothy Daly party defendants, the latter being the party who operated a snowplow a few miles west of Glenrock, Wyoming. The petition in that case charged that Daly operated the snowplow negligently by reason of which a collision occurred in which the plaintiff's car was demolished and he sustained personal injuries. Separate demurrers were filed on the part of the highway commission, J. R. Bromley, and the defendant Daly, each asserting that the petition failed to state a cause of action against the several defendants. The trial court sustained the demurrers, holding that the plaintiff's petition did not state a meritorious claim. It is true that the separate immunity of Daly was not discussed to any great extent but, after discussing the immunity of the highway commission, the opinion also stated, "The demurrers of the defendants Bromley and Daly were also properly sustained." It is quite clear we think that the demurrer by Daly should not have been sustained if he was not in fact immune from liability the same as the highway commission.

We have examined the brief of the appellant (plaintiff in error) in that case in which counsel stated, "As to defendant Daly who personally operated the truck, his liability is clear, as we shall show in the following paragraph III." Counsel then proceeded to discuss the immunity of governmental entity and the immunity of employees, and cited several cases similar to cases cited by the appellant in the case at bar, holding that while the governmental entity would be immune from liability, the employee was not. In view of the contention in that case, it is incredible that this court overlooked the question of immunity of Daly. We think the Price case determined that the driver of the snowplow was immune to the same extent as the highway commission.

An examination of the cases dealing with a question similar to that in the case at bar is rather disconcerting. It may be difficult to lay down any general rule in connection with such cases. Nowell v. Wright, 3 Allen, Mass., 166, 80 Am.Dec. 62. Some of the cases on the subject holding an employee not immune from liability are based on the theory that his act claimed to be negligent was ministerial. See Annotation, 40 A.L.R. 1361. It is contended herein by appellants that the action of defendant was ministerial and while the highway commission is immune from liability herein, the defendant, whose acts are claimed to have been negligent herein, should not be.

■ The operation of snowplows along the highways of this state is practically a necessity. It is a duty performed on behalf of the public, and so we think that we must hold that the operation of a snowplow in the case at bar was a governmental duty rather than ministerial. Mower v. Williams, 402 Ill. 486, 84 N.E.2d 435; Shirkey v. Keokuk County, 225 Iowa 1159, 275 N.W. 706; Genkinger v. Jefferson County, 250 Iowa 118, 93 N.W.2d 130; 5 Blashfield, Cyclopedia of Automobile Law and Practice, § 2889, p. 28 (Perm.Ed.).

In the case of Packard v. Voltz, 94 Iowa 277, 62 N.W. 757, the defendants under the direction of the board of supervisors of a county substituted tile for a bridge and the tile was not sufficient to carry off the water. The plaintiff in the case was damaged. The defendants in that case acted by the authority of the board of supervisors and what was done was what the board directed. This authority seems to have been extended as well to the manner of doing the act as to the act itself. The court held the defendants who substituted tile for the bridge not liable. After stating that the county was engaged in a governmental duty and

hence was not liable, the court continued as follows, 62 N.W. at page 758:

"* * * It would certainly be an anomalous doctrine that would exempt the corporation itself from liability for the doing of a lawful act in a negligent manner, upon the ground of its compulsory agency in behalf of the public welfare, and at the same time affix a liability upon its agent for precisely the same acts done under its express authority. We think an instance of such liability is not to be found. It must be a reason for the rule of exemption, on the part of a political corporation, that its agency is a public necessity, and it seems to us that the same law that would give it exemption from liability for negligence would protect from liability the servant through whom, only, the corporation can discharge its duty to the public. We have not been cited to, nor have we been able to find, a case precisely in point. Mr. Wood, in his Law of Master and Servant (2d Ed., p. 665), while speaking of the liability of servants, makes an exception, and says, 'As to all acts which, if done by the master himself, the master could have justified, no liability exists against the servant.' * * *"

In the case of Snethen v. Harrison County, 172 Iowa 81, 152 N.W. 12, it appears that the board of supervisors of a county was extremely negligent in leaving a dangerous place in the road. The court in holding the county not liable because engaged in a governmental capacity, further stated, 152 N.W. at pages 13, 14:

"It is insisted, however, that the individual members of the board of supervisors, who were actively engaged in the work, are liable personally. As they were engaged in a public work in virtue of their office, the rule of nonliability applies to them, as well as to the body for which they were acting. Packard v. Voltz, 94 Iowa, [277] 279, 62 N.W. 757, 58 Am.St.Rep. 396; Wood v. Boone County, 153 Iowa, 92,

133 N.W. 377, 39 L.R.A. (N.S.) 168, Ann.Cas.1913D, 1070. Upon this proposition, there is a lack of uniformity in the decisions of the various courts of this country; but, after a careful examination of the underlying principles which should govern, this court has held that the agents who perform the governmental functions are no more responsible than the artificial body—the corporation for which they acted. We see no reason for departing from any of these established rules."

See also Pester v. Holmes, 109 Neb. 603, 191 N.W. 709, which also involved an act of nonfeasance, that is an act of omission of a duty.

The Iowa supreme court subsequently limited the statements contained in the cases above mentioned to cases of nonfeasance, that is to say, acts of omission, and held them not applicable to acts of misfeasance, that is to say, active acts of negligence. Shirkey v. Keokuk County, 225 Iowa 1159, 281 N.W. 837; Montanick v. McMillin, 225 Iowa 442, 280 N.W. 608. We need not inquire as to whether or not there is a logical distinction between acts of nonfeasance and misfeasance when damages result from either of such acts, but it seems to be clear to us that the situation in the case of Packard v. Voltz, supra, is so closely analogous to the case at bar that we see no reason why the rule of that case should not be applied in the case at bar even though the act in question here was, if negligent at all, an act of misfeasance rather than an act of nonfeasance.

In the case of Palmer v. Marceille, 106 Vt. 500, 175 A. 31, the plaintiff's car collided with the car of a highway board employee negligently parked on the traveled portion of a road. The court held that a highway board employee was not exempt from personal liability for negligent misfeasance merely because he was an employee performing a governmental work. The court cited the cases of Florio v Schmolze, 101 N.J.L. 535, 129 A. 470, 40 A.L.R. 1353; Moynihan v. Todd, 188 Mass.

301, 74 N.E. 367, 108 Am.St.Rep. 473; Nowell v. Wright, 3 Allen, Mass., 166, 80 Am.Dec. 62; Rowley v. City of Cedar Rapids, 203 Iowa 1245, 212 N.W. 158, 53 A.L.R. 375; Annotation, 40 A.L.R. 1358, and other authorities. The Iowa court in Shirkey v. Keokuk County, 225 Iowa 1159, 275 N.W. 706, and in Hibbs v. Independent School District of Green Mountain, 218 Iowa 841, 251 N.W. 606, held to the contrary, but these cases were subsequently overruled, namely in Shirkey v. Keokuk County, 225 Iowa 1159, 281 N.W. 837, and in Montanick v. McMillin, supra.

The rule of the Vermont and other cases just mentioned has not, we think, any application in the case at bar. It must in any event be limited in a case such as before us to a situation in which the employee or officer of the highway department acts independently of and not under the direction and control of the highway department. The case of Packard v. Voltz, supra, is, we think, directly in point. It is said in 4 A.L.I. Restatement, Torts, § 888 (1939), as follows:

"* * * While there is no immunity by the mere fact that one is a public officer, there are many situations where a person may be protected by the command of a superior or the existence of a privilege held by him because of his official position or because of a privilege held by another on whose account he acts * * *."

We think the situation in the case at bar comes within this rule. Section 31–82(b), W.S.1957, provides:

"* * * the provisions of this act shall not apply to persons, teams, motor vehicles, and other equipment while actually engaged in work upon a highway but shall apply to such persons and vehicles when traveling to or from such work."

This section of the statute was mentioned in the case of Johnston v. Wortham Machinery Co., 60 Wyo. 301, 151 P.2d 89. That case has no application herein, but we must give some meaning to the section. The only act of misfeasance complained of in the case at bar is that the defendant was operating in the wrong lane of traffic so the statute would seem to have direct application herein and would seem to mean that, in a case such as before us, in order to hold the operator of the snowplow negligent, more must be shown than the mere fact of operation in the wrong lane of traffic. In any event, whether that is true or not, the negligence, if any, in the operation of the snowplow herein was the negligence of the highway commission by reason of the fact that it prescribed the method of operating the snowplow. The operator of that snowplow, whether we call him an officer or employee makes little difference, followed in his operation the directions prescribed by his superior. He was compelled to do so or quit. He had no other choice. If the highway commission had itself performed the work which he did, it would have been immune from liability. It would be highly anomalous to hold the operator of the snowplow not immune when he followed instructions in doing the substantially identical thing in the substantially identical manner for which the highway commission would be held immune and would moreover probably hinder the highway commission in hiring men for a rather hazardous work. We think we cannot lay down a rule which would have that result.

According to the affidavit of the defendant herein, which is not controverted, the deceased was undoubtedly guilty of negligence. But we should add that it would seem that a better and safer method of removing snow from our highways should be found than by operating snowplows against traffic.

The judgment herein is affirmed.

Affirmed.