**DENVER BUICK, INC., a Colorado corporation, Appellant (Plaintiff below),**

v.

**Minnie C. PEARSON, County Clerk, Albany County, Wyoming, Appellee (Defendant below).**

**No. 3799.**

Supreme Court of Wyoming.

Feb. 27, 1970.

Brooke Wunnicke, Denver, Colo., for appellant.

Alfred M. Pence, of Pence & Millett, Laramie, for appellee.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This is a suit to recover damages sustained as a result of defendant's alleged negligence in issuance of a Wyoming certificate of title for a stolen car, which plaintiff bought. The lawful owner later reclaimed the car from plaintiff.

Defendant, Minnie C. Pearson, filed a motion for summary judgment and plaintiff, Denver Buick, Inc., filed a cross-motion for summary judgment. Summary judgment was rendered in favor of defendant and plaintiff has appealed.

The sole issue in the case, insofar as our review of the action of the trial court is concerned, is whether the county clerk and her deputy are cloaked with governmental immunity in the performance of a statutory duty such as the issuance of a Wyoming certificate of title. If they are, then summary judgment for defendant was proper. If they do not come under governmental immunity in the performance of such a duty, then there should have been a trial on the issue of negligence.

In our opinion, authorities support the conclusion that the issuance of a certificate of title to a motor vehicle by a county clerk, pursuant to § 31-36, W.S. 1957, C. 1967, is a governmental function; and also the county clerk is cloaked with the same immunity as the county would have, when the county clerk performs the statutory duty of issuing a certificate of title.

The county clerk is a public officer. In that capacity such officer performs statutory duties of a governmental nature. The specific duty performed in the instance we are concerned with was governmental as distinguished from ministerial.

The office of a county clerk in each county was contemplated in the adoption of our state constitution. See Art. 14, § 3, and Art. 6, § 21, Wyoming Constitution. Since that time the legislature has provided that there shall be a county clerk in each county. Section 18–118, W.S.1957. It has also from time to time prescribed statutory duties for county clerks, such as the duty here involved, which is prescribed in § 31–36.

■ When duties are imposed upon a public officer, such as a county clerk, by law rather than by some appointing power, such duties are usually governmental and not ministerial. Wolf v. Fidelity & Deposit Co. of Maryland, 174 Kan. 402, 256 P.2d 862, 865. See also 14 Am.Jur., Counties § 50, p. 217; and 62 C.J.S. Municipal Corporations § 545, p. 1008.

Having concluded, as we do conclude, that the performance of the statutory duty of issuing a certificate of title by a county clerk is a governmental function as distinguished from one that is ministerial, we need to pass upon the question of whether a county clerk, in the performance of such a duty, is entitled to the sovereign immunity of the state, from liability for alleged negligent acts.

■ The general rule is that, in the absence of a statute imposing liability, an officer is not liable for defaults or negligent acts of himself or deputies in the performance of governmental duties imposed by statute. Price v. State Highway Commission, 62 Wyo. 385, 167 P.2d 309, 312. And see Wolf v. Fidelity & Deposit Co. of Maryland, 174 Kan. 402, 256 P.2d 862, 865; and 43 Am.Jur., Public Officers, § 273, p. 85.

In the *Price* case, our court approved, on the theory of immunity, dismissal of an action for alleged negligent operation of a snowplow. The action was against the State Highway Commission, its superintendent, and an employee of the commission.

Later, in Osborn v. Lawson, Wyo., 374 P.2d 201, 203, we pointed out that the action against the snowplow driver, in *Price*, should not have been dismissed if the driver was not immune the same as the highway commission. We then reaffirmed that the driver was in fact immune to the same extent as the commission. We also said the operation of snowplows was a duty performed for the public and held such operation a governmental duty rather than ministerial.

In *Osborn* (p. 205), we indicated it did not matter whether we considered the driver of a snowplow an officer or an employee. We said the highway commission itself had immunity; and it would be highly anomalous to hold the operator not immune when he followed instructions of the commission. The conclusion reached in *Osborn* and now applied in the case presently dealt with is that, if the branch of state government involved is immune, the person performing the governmental act for such branch of state government is also immune. See Packard v. Voltz, 94 Iowa 277, 62 N.W. 757, 758.

Art. 1, § 8, Wyoming Constitution, authorizes suits against the state in such manner and in such courts as the legislature may by law direct. In Fanning v. City of Laramie, Wyo., 402 P.2d 460, 468, the author of this opinion differed with the majority on the question of whether certain statutes authorized the kind of suit involved in that case. In the case we are now concerned with, there is no contention that suits against a county clerk for negligent issuance of a motor vehicle certificate of title have been authorized by law.

For what it may be worth, in the event members of the legislature or those who have to do with recommending legislation are interested in the matter, we think we should repeat what was said in Bondurant v. Board of Trustees of Memorial Hospital, Wyo., 354 P.2d 219, 222, about in-

equities which often arise by reason of the rule of governmental immunity.

This court said in the *Bondurant* opinion that it is aware of such inequities. The court also said it was cognizant of the fact that such inequities tend to be more numerous with increasing governmental activities. Nevertheless, as pointed out in *Bondurant*, the rule by which state agencies are immune from tort liability while acting in a governmental capacity is so well established in this state that any change must be effected by the legislature rather than by the courts.

Affirmed.

Mr. Justice McEWAN, concurring.

I concur in the result but wish to make it clear that I do so only because the appellant made no contention that suit against a county clerk for negligent issuance of a motor vehicle certificate of title has been authorized by law.