**SPANIOL FORD, INC.,** Appellant (Plaintiff below),

v.

**Anna FROGGATT** and **Hartford Accident and Indemnity Co.,** Appellees (Defendants below).

No. 3874.

Supreme Court of Wyoming.

Dec. 31, 1970.

John Burk, Casper, for appellant.

J. B. Sullivan, Douglas, for Anna Froggatt.

Edward E. Murane, of Murane, Bostwick, McDaniel, Scott & Greenlee, Casper, for Hartford Accident and Indemnity Co.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

Suit was brought by Spaniol Ford, Inc. to recover damages sustained as a result of issuance of a Wyoming certificate of title

for a stolen motor vehicle. The defendants were Anna Froggatt, county clerk of Converse County, and Hartford Accident and Indemnity Co., the indemnifier on the county clerk's official bond.

Plaintiff claims the certificate of title was issued by a deputy of County Clerk Froggatt; that plaintiff relied upon such certificate and purchased the stolen vehicle from the person to whom the certificate had been issued; and that the lawful owner subsequently reclaimed the vehicle from plaintiff.

Considering the case identical to Denver Buick, Inc. v. Pearson, Wyo., 465 P.2d 512, and the decision in that case controlling, the district court granted a motion to dismiss the suit of Spaniol on the ground that the complaint failed to state a cause of action. The plaintiff has appealed.

There is no need for us to review or repeat what was said in the *Denver Buick* case. We clearly held in that case the issuance of a certificate of title to a motor vehicle by a county clerk is a governmental function; and the county clerk is cloaked with governmental immunity in the performance of such a duty.

Appellant raises four points, none of which impress us, but we will mention them briefly.

1. The first point is that Spaniol's suit is different from the *Denver Buick* case because the *Denver Buick* suit was in negligence, while the present suit is on a bond and therefore *ex contractu*. Appellant fails to suggest, however, wherein the result would be different if its case is considered one on a bond contract rather than one in negligence.

There can be no liability on the county clerk's bond unless the county clerk is liable for some default. We followed the general rule in *Denver Buick* to the effect that, in the absence of a statute imposing liability, an officer is not liable for defaults or negligent acts of himself or deputies in the performance of governmental duties imposed by statute. Appellant has cited no authority to the contrary, and it has shown us neither authority nor reason for believing immunity would not apply even if its suit is considered to be on the county clerk's bond.

2. Appellant's second point is that suit against the official bond of a county clerk is authorized by statute. The statutes called to our attention in support of this contention are: § 18–118, W.S.1957, which provides the county clerk shall give bond conditioned that he will faithfully perform the duties of his office; § 18–143, W.S.1957, which states the county clerk shall perform duties prescribed by law; § 18–68, W.S. 1957, which provides all county officers shall be responsible for acts of their deputies and holden on their official bonds; and § 18–63, W.S.1957, which provides every official bond of any county officer, where not otherwise provided, shall be payable to the State of Wyoming and an action shall lie thereon to the use of any party aggrieved, in the name of the people.

There is nothing in any of these statutes which authorizes such a suit as plaintiff has sought to bring against County Clerk Froggatt. That is not to say a county clerk's bond serves no purpose. It protects if the official misappropriates public funds, because there would be no immunity in such a case. It also protects when a county clerk or his deputies default in the performance of ministerial duties.

It has been said a duty is ministerial when the law prescribes the mode and occasion of its performance with such certainty that nothing is left to judgment or discretion—a duty not involving official discretion. City of Tacoma v. Peterson, 165 Wash. 461, 5 P.2d 1022, 1024; Mott v. Hull, 51 Okl. 602, 152 P. 92, 93; State Tax Commission v. Katsis, 90 Utah 406, 62 P.2d 120, 123, 107 A.L.R. 1477.

Appellant cites 20 C.J.S. Counties § 141, p. 954, where it is indicated an official may be liable for failure to perform such a duty as filing of a chattel mortgage or articles of incorporation duly tendered to him for filing. This, of course, is an example of a ministerial duty as distinguished from the

governmental duty involved in the case we are dealing with.

3. Although appellant states, as its point III, that failure to distinguish between a "county officer" and a "public officer" has resulted in an improper application of the law, we fail to see where it matters. No authority is cited to show that a different result would be reached if a distinction were made. We consider the matter one of semantics and unimportant in our decision.

4. The final point argued by appellant is that a county officer's bond is liable for "negligence" in the performance of duties. We understand appellant to be contending in its first point that this is not a suit in negligence. In any event, no authority is cited for holding a county clerk's bonding company liable for an act or default of the county clerk when the county clerk is immune from suit. It would be an anomaly to hold the bonding company liable if its principal was not liable.

We fail to find anything in this case to distinguish it from Denver Buick, Inc. v. Pearson, Wyo., 465 P.2d 512. The district court's dismissal must therefore be approved.

Affirmed.